## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  KYLE ENDICOTT, as Next Friend<br>of JENNIFER CROWELL, deceased,<br><br>Plaintiff,<br><br>v.<br><br>(2)  CHOCTAW COUNTY CITY OF HUGO<br>HOSPITAL AUTHORITY,<br>(3)  ERIC HOGAN,<br>(4)  SOUTHEASTERN EMERGENCY<br>SERVICES, LLC,<br>(5)  TEDDY ROWLAND, individually and d/b/a<br>HUGO MEDICAL CLINIC<br>(6)  VELVET BULLARD, a/k/a<br>VELVET BARNETT,<br>(7)  TERRY PARK, in his official capacity as<br>Sheriff of Choctaw County, Oklahoma,<br>(8)  CITY OF HUGO,<br>(9)  ROBERT WHITE, and<br>(10) DON LOMAN<br><br>Defendants. | Case No. 21-cv-00319-RAW<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT TERRY PARK, IN HIS OFFICIAL CAPACITY AS SHERIFF OF CHOCTAW COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT[1]

Defendant Terry Park, in his official capacity as Sheriff of Choctaw County, Oklahoma ("Defendant Park"), for his Answer to Plaintiff's Complaint [Dkt. 1-8], alleges and states as follows:

Any of Plaintiff's assertions or allegations not specifically admitted, denied or otherwise addressed in this Answer are denied by Defendant Park and strict proof thereof is demanded.[2]

---

[1]  Plaintiff filed a Petition in the District Court for Choctaw County on September 16, 2021. However, in conformance with the nomenclature employed by the federal courts, the pleading will be referred to herein as the Complaint.

[2]  The denials of Plaintiff's factual assertions herein are based upon the best information available to the undersigned at the time of filing and are reasonably based on belief or lack of information.

## PARTIES, JURISDICTION, VENUE

1.      Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 1 of Plaintiff's Complaint and therefore those allegations are denied.

2.      Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 2 of Plaintiff's Complaint and therefore those allegations are denied.

3.      Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 3 of Plaintiff's Complaint and therefore those allegations are denied.

4.      Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 4 of Plaintiff's Complaint and therefore those allegations are denied.

5.      Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 5 of Plaintiff's Complaint and therefore those allegations are denied.

6.      Defendant Park objects to numerical ¶ 6 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park admits that he is the elected Sheriff of Choctaw County and that Plaintiff has sued him in his official capacity. Defendant Park denies the remaining allegations as set forth in numerical ¶ 6 of Plaintiff's Complaint as phrased.

7.      Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 7 of Plaintiff's Complaint and therefore those allegations are denied.

8.      Defendant Park admits that the Choctaw County Jail is located within Choctaw County. Defendant Park is without sufficient information to admit any remaining allegations set forth in numerical ¶ 8 of Plaintiff's Complaint and therefore those allegations are denied.

9.      Defendant Park admits that Plaintiff is asserting legal claims based on the alleged violation of the Decedent's rights under the Fourth and Fourteenth Amendments to the United

2

States Constitution, Emergency Medical Treatment and Labor Act (EMTALA), and for claims arising under state law. However, Defendant Park denies Plaintiff has stated any claim for which relief may be granted.

10.     Defendant Park admits that this Court has federal question jurisdiction and that venue is proper in this Court. However, Defendant Park denies Plaintiff has stated a claim for which relief may be granted.

11.     Defendant Park objects to numerical ¶ 11 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 11 of Plaintiff's Complaint and therefore those allegations are denied.

12.     Defendant Park denies as phrased the allegation that he was served with a preservation letter on July 8, 2020.  Defendant Park is without sufficient information to admit the remaining allegations set forth in numerical ¶ 12 of Plaintiff's Complaint and therefore those allegations are denied.

## II.

## STATEMENT OF FACTS

13.     Numerical ¶ 13 of Plaintiff's Complaint contains no factual allegations, and requires no response by Defendant Park. To the extent a response is required, Defendant Park hereby adopts and incorporates his responses to Plaintiff's allegations as set forth in the preceding paragraphs.

14.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 14 of Plaintiff's Complaint and therefore those allegations are denied.

15.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 15 of Plaintiff's Complaint and therefore those allegations are denied.

16.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 16 of Plaintiff's Complaint and therefore those allegations are denied.

17.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 17 of Plaintiff's Complaint and therefore those allegations are denied.

**A.      JENNIFER ARRIVES AT CMH FOR THE FIRST TIME ON JUNE 26, 2020**

18.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 18 of Plaintiff's Complaint and therefore those allegations are denied.

19.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 19 of Plaintiff's Complaint and therefore those allegations are denied.

21. [sic] Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 21 [sic] of Plaintiff's Complaint and therefore those allegations are denied.

20. [sic] Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 20 [sic] of Plaintiff's Complaint and therefore those allegations are denied.

27. [sic] Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 27 [sic] of Plaintiff's Complaint and therefore those allegations are denied.

28.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 28 of Plaintiff's Complaint and therefore those allegations are denied.

29.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 29 of Plaintiff's Complaint and therefore those allegations are denied.

30.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 30 of Plaintiff's Complaint and therefore those allegations are denied.

31.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 31 of Plaintiff's Complaint and therefore those allegations are denied.

32.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 32 of Plaintiff's Complaint and therefore those allegations are denied.

33.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 33 of Plaintiff's Complaint and therefore those allegations are denied.

34.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 34 of Plaintiff's Complaint and therefore those allegations are denied.

**B.    THE SOCIAL WORKER ARRIVES TO PERFORM A MENTAL HEALTH EVALUATION**

35.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 35 of Plaintiff's Complaint and therefore those allegations are denied.

36.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 36 of Plaintiff's Complaint and therefore those allegations are denied.

37.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 37 of Plaintiff's Complaint and therefore those allegations are denied.

38.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 38 of Plaintiff's Complaint and therefore those allegations are denied.

39.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 39 of Plaintiff's Complaint and therefore those allegations are denied.

**C.    JENNIFER IS SEPARATED FROM CARE WITHOUT A MEDICAL OR MENTAL HEALTH CLEARANCE OR STABILIZATION OF HER CONDITION**

40.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 40 of Plaintiff's Complaint and therefore those allegations are denied.

41.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 41 of Plaintiff's Complaint and therefore those allegations are denied.

42.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 42 of Plaintiff's Complaint and therefore those allegations are denied.

43.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 43 of Plaintiff's Complaint and therefore those allegations are denied.

44.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 44 of Plaintiff's Complaint and therefore those allegations are denied.

45.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 45 of Plaintiff's Complaint and therefore those allegations are denied.

46.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 46 of Plaintiff's Complaint and therefore those allegations are denied.

47.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 47 of Plaintiff's Complaint and therefore those allegations are denied.

48.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 48 of Plaintiff's Complaint and therefore those allegations are denied.

49.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 49 of Plaintiff's Complaint and therefore those allegations are denied.

50.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 50 of Plaintiff's Complaint and therefore those allegations are denied.

51.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 51 of Plaintiff's Complaint and therefore those allegations are denied.

52.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 52 of Plaintiff's Complaint and therefore those allegations are denied.

53.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 53 of Plaintiff's Complaint and therefore those allegations are denied.

54.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 54 of Plaintiff's Complaint and therefore those allegations are denied.

55.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 55 of Plaintiff's Complaint and therefore those allegations are denied.

56.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 56 of Plaintiff's Complaint and therefore those allegations are denied.

57.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 57 of Plaintiff's Complaint and therefore those allegations are denied.

58.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 58 of Plaintiff's Complaint and therefore those allegations are denied.

59.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 59 of Plaintiff's Complaint and therefore those allegations are denied.

60.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 60 of Plaintiff's Complaint and therefore those allegations are denied.

61.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 61 of Plaintiff's Complaint and therefore those allegations are denied.

62.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 62 of Plaintiff's Complaint and therefore those allegations are denied.

63.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 63 of Plaintiff's Complaint and therefore those allegations are denied.

64.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 64 of Plaintiff's Complaint and therefore those allegations are denied.

65.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 65 of Plaintiff's Complaint and therefore those allegations are denied.

### D.     HUGO SEPARATES JENNIFER FROM CARE WITHOUT A CLEARANCE

66.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 66 of Plaintiff's Complaint and therefore those allegations are denied.

67.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 67 of Plaintiff's Complaint and therefore those allegations are denied.

68.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 68 of Plaintiff's Complaint and therefore those allegations are denied.

69.     Defendant Park denies the allegations contained in numerical ¶ 69 of Plaintiff's Complaint as they may relate to him.

70.     Defendant Park denies the allegations contained in numerical ¶ 70 of Plaintiff's Complaint.

71.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 71 of Plaintiff's Complaint and therefore those allegations are denied.

72.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 72 of Plaintiff's Complaint and therefore those allegations are denied.

73.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 73 of Plaintiff's Complaint and therefore those allegations are denied.

74.     Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 contains reference to this purported statement as set forth in numerical ¶ 74 of Plaintiff's Complaint.

75.     Defendant Park denies the allegations set forth in numerical ¶ 75 of Plaintiff's Complaint as phrased.

76.     Defendant Park denies the allegations set forth in numerical ¶ 76 of Plaintiff's Complaint.

77.     Defendant Park denies the allegations set forth in numerical ¶ 77 of Plaintiff's Complaint.

78.     Defendant Park denies the allegations contained in numerical ¶ 78 of Plaintiff's Complaint.

79.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 79 of Plaintiff's Complaint and therefore those allegations are denied.

80.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 80 of Plaintiff's Complaint and therefore those allegations are denied.

81.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 81 of Plaintiff's Complaint and therefore those allegations are denied.

82.     Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 contains reference to this purported statement as set forth in numerical ¶ 82 of Plaintiff's Complaint.

83.     Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 contains these purported statements as set forth in numerical ¶ 83 of Plaintiff's Complaint.

9

84.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 84 of Plaintiff's Complaint and therefore those allegations are denied.

85.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 85 of Plaintiff's Complaint and therefore those allegations are denied.

86.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 86 of Plaintiff's Complaint and therefore those allegations are denied.

87.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 87 of Plaintiff's Complaint and therefore those allegations are denied.

88.     Defendant Park denies the allegations contained in numerical ¶ 88 of Plaintiff's Complaint.

89.     Defendant Park denies the allegations contained in numerical ¶ 89 of Plaintiff's Complaint.

**E.     PARK COMMANDS JENNIFER'S IMMEDIATE DETENTION AND CONTINUED SEPARATION FROM CARE**

90.     Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 states that Sheriff Park entered the Choctaw County jail at approximately 14:20 as set forth in numerical ¶ 90 of Plaintiff's Complaint.

91.     Defendant Park objects to numerical ¶ 91 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park denies the allegations contained in numerical ¶ 91 of Plaintiff's Complaint.

92.     Defendant Park denies the allegations contained in numerical ¶ 92 of Plaintiff's Complaint.

93.     Defendant Park denies the allegations contained in numerical ¶ 93 of Plaintiff's Complaint.

94.     Defendant Park denies the allegations set forth in numerical ¶ 94 of Plaintiff's Complaint as phrased therein.

F.      **JENNIFER IS STRIPPED NAKED AND ISOLATED IN A CELL WITHOUT A MEDICAL CLEARANCE**

95.     Defendant Park denies the allegations contained in numerical ¶ 95 of Plaintiff's Complaint.

96.     Defendant Park denies the allegations contained in numerical ¶ 96 of Plaintiff's Complaint.

97.     Defendant Park denies the allegations contained in numerical ¶ 97 of Plaintiff's Complaint.

98.     Defendant Park denies the allegations contained in numerical ¶ 98 of Plaintiff's Complaint.

99.     Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 contains this statement as set forth in numerical ¶ 99 of Plaintiff's Complaint.

100.    Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 contains this statement as set forth in numerical ¶ 100 of Plaintiff's Complaint.

101.    Defendant Park denies the allegations contained in numerical ¶ 101 of Plaintiff's Complaint.

102.    Defendant Park denies the allegations contained in numerical ¶ 102 of Plaintiff's Complaint.

103.    Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 contains reference this purported statement as set forth in numerical ¶ 103 of Plaintiff's Complaint.

11

104.     Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 contains reference this purported statement as set forth in numerical ¶ 104 of Plaintiff's Complaint.

## G.   JENNIFER ARRIVES AT CMH FOR THE SECOND TIME ON JUNE 26, 2020

105.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 105 of Plaintiff's Complaint and therefore those allegations are denied.

106.     Defendant Park admits that Choctaw County Sheriff's Office Jail Incident Report #2020000034 arrived at the Choctaw County jail at 14:48 as set forth in numerical ¶ 106 of Plaintiff's Complaint.

107.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 107 of Plaintiff's Complaint and therefore those allegations are denied.

108.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 108 of Plaintiff's Complaint and therefore those allegations are denied.

109.     Defendant Park denies the allegations contained in numerical ¶ 109 of Plaintiff's Complaint.

110.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 110 of Plaintiff's Complaint and therefore those allegations are denied.

111.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 111 of Plaintiff's Complaint and therefore those allegations are denied.

112.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 112 of Plaintiff's Complaint and therefore those allegations are denied.

113.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 113 of Plaintiff's Complaint and therefore those allegations are denied.

114.     Defendant Park denies the allegations contained in numerical ¶ 114 of Plaintiff's Complaint.

115.     Defendant Park objects to numerical ¶ 115 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park denies the allegations contained in numerical ¶ 115 of Plaintiff's Complaint.

116.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 116 of Plaintiff's Complaint and therefore those allegations are denied.

117.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 117 of Plaintiff's Complaint and therefore those allegations are denied.

118.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 118 of Plaintiff's Complaint and therefore those allegations are denied.

119.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 119 of Plaintiff's Complaint and therefore those allegations are denied.

**H.     JENNIFER'S SUFFERING CONTINUES UNTIL SHE DIES ON JUNE 30, 2020**

120.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 120 of Plaintiff's Complaint and therefore those allegations are denied.

121.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 121 of Plaintiff's Complaint and therefore those allegations are denied.

122.     Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 122 of Plaintiff's Complaint and therefore those allegations are denied.

## I.      JENNIFER'S MISTREATMENT AND DEATH WENT UNPUNISHED

123.    Defendant Park objects to numerical ¶ 123 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park denies the allegations contained in numerical ¶ 123 of Plaintiff's Complaint as phrased.

124.    Defendant Park objects to numerical ¶ 124 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park denies the allegations contained in numerical ¶ 124 of Plaintiff's Complaint as phrased.

125.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 125 of Plaintiff's Complaint and therefore those allegations are denied.

126.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 126 of Plaintiff's Complaint and therefore those allegations are denied.

127.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 127 of Plaintiff's Complaint and therefore those allegations are denied.

128.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 128 of Plaintiff's Complaint and therefore those allegations are denied.

129.    Defendant Park objects to numerical ¶ 129 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 129 of Plaintiff's Complaint and therefore those allegations are denied.

130.    Numerical ¶ 130 of Plaintiff's Complaint contains only legal conclusions, no factual allegations, and requires no response by Defendant Park. To the extent a response is required, Defendant Park denies the allegations contained in numerical ¶ 130 of Plaintiff's Complaint.

131.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 131 of Plaintiff's Complaint and therefore those allegations are denied.

132.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 132 of Plaintiff's Complaint and therefore those allegations are denied.

133.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 133 of Plaintiff's Complaint and therefore those allegations are denied.

134.    Defendant Park objects to numerical ¶ 134 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park denies the allegations contained in numerical ¶ 134 of Plaintiff's Complaint.

135.    Defendant Park admits he was a named defendant in *James Legros Sr., as Next of Friend of James Legros Jr., et al. v. Terry Park et al.*, United States District Court for the Eastern District of Oklahoma, Case No. 18-CV-261-RAW. Defendant Park denies the remaining allegations contained in numerical ¶ 135 of Plaintiff's Complaint as phrased.

136.    Defendant Park objects to numerical ¶ 136 of Plaintiff's Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to this objection, Defendant Park denies the allegations contained in numerical ¶ 136 of Plaintiff's Complaint.

137.    Defendant Park denies the allegations contained in numerical ¶ 137 of Plaintiff's Complaint as phrased.

138.    Defendant Park denies the allegations contained in numerical ¶ 138 of Plaintiff's Complaint as phrased.

139.    Defendant Park denies the allegations contained in numerical ¶ 139 of Plaintiff's Complaint as phrased.

140.    Numerical ¶ 140 of Plaintiff's Complaint contains only legal conclusions, no factual allegations, and requires no response by Defendant Park.

### III.

### STATEMENT OF CLAIMS

141.    Numerical ¶ 141 of Plaintiff's Complaint contains no factual allegations, and requires no response by Defendant Park. To the extent a response is required, Defendant Park hereby adopts and incorporates his responses to Plaintiff's allegations as set forth in the preceding paragraphs.

### CLAIM NO. 1

### NEGLIGENCE

### STATE LAW

142.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 142 of Plaintiff's Complaint and therefore those allegations are denied.

143.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 143 of Plaintiff's Complaint and therefore those allegations are denied.

### CLAIM NO. 2

### EMTALA

### 42 U.S.C. § 1395DD

144.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 144 of Plaintiff's Complaint and therefore those allegations are denied.

145.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 145 of Plaintiff's Complaint and therefore those allegations are denied.

## CLAIM NO. 3

## DELIBERATE INDIFFERENCE

## 42 U.S.C. § 1983

146.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 146 of Plaintiff's Complaint and therefore those allegations are denied.

147.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 147 of Plaintiff's Complaint and therefore those allegations are denied.

148.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 148 of Plaintiff's Complaint and therefore those allegations are denied.

## CLAIM NO. 4

## *MONELL* LIABILITY

## 42 U.S.C. § 1983

149.    Defendant Park denies the allegations contained in numerical ¶ 149 of Plaintiff's Complaint.

150.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 150 of Plaintiff's Complaint and therefore those allegations are denied.

151.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 151 of Plaintiff's Complaint and therefore those allegations are denied.

152.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 152 of Plaintiff's Complaint and therefore those allegations are denied.

153.    Defendant Park is without sufficient information to admit the allegations set forth in numerical ¶ 153 of Plaintiff's Complaint and therefore those allegations are denied.

154.    Defendant Park denies the allegations contained in numerical ¶ 154 of Plaintiff's Complaint.

155.    Defendant Park denies the allegations contained in numerical ¶ 155 of Plaintiff's Complaint.

156.    Defendant Park denies the allegations contained in numerical ¶ 156 of Plaintiff's Complaint.

## IV.

## RELIEF REQUESTED

157.    Defendant Park denies that Plaintiff is entitled to any relief against him as requested in numerical ¶ 157 and all subparts thereto of Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant Terry Park, in his official capacity ("Defendant Park"), for his defenses and affirmative defenses to Plaintiff's claims, alleges and states:[3]

1.    Plaintiffs have failed to state a claim for any constitutional violation or for any remedy under 42 U.S.C. § 1983 against Defendant Park.

2.    Defendant Park cannot be held liable for any federal constitutional violation resulting from the acts of agents, servants, appointees, or employees under the doctrine of *respondeat superior* and/or vicarious liability.

3.    Defendant Park has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by Defendant Park, or found in a pattern of persistent practices known to and approved by Defendant

---

[3] All the defenses asserted herein are based upon the best information available to the undersigned at the time of filing and either have evidentiary support or are reasonably believed to likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Park that would be considered unconstitutional or which caused the alleged violation of the Decedent's federal constitutional rights.

4.      Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf of Defendant Park.

5.      The facts and evidence learned in discovery will show that Defendant Park did not personally participate in any violation of the Decedent's constitutional rights.

6.      The facts and evidence learned in discovery will show that Defendant Park was not subjectively aware of any substantial risk of harm to the Decedent or any other similarly situated individuals.

7.      The facts and evidence learned in discovery will show that the Defendant Park was not put on constructive notice of any substantial risk of harm to the Decedent or any other similarly situated individuals.

8.      The facts and evidence learned in discovery will show that the need for more or different training and/or supervision of Jail staff was not so obvious, and/or any inadequacy therein was not so likely to result in the violation of constitutional rights, that Defendant Park could reasonably be said to have been deliberately indifferent to the need for additional training or supervision.

9.      The facts and evidence learned in discovery will show that the training and supervision of the Choctaw County Jail staff was adequate and did not cause the alleged violations of the Decedent's federal constitutional rights.

10.      The facts and evidence learned in discovery will show that no act or omission by Defendant Park caused the Decedent's harm or alleged constitutional violations.

11.     The facts and evidence learned in discovery will show that there was no underlying violation of the Decedent's federal constitutional rights by Jail staff.

12.     The facts and evidence learned in discovery will show that Jail staff were not deliberately indifferent to any known or obvious serious medical need on the part of the Decedent.

13.      Neither the Defendant, nor any of his agents, employees, or officers owed the Decedent any duty under the U.S. Constitution to obtain medical care on his behalf as the Decedent was never in their legal custody.

14.      Neither the Defendant, nor any of his agents, employees, or officers were subjectively aware of any impending or ongoing violation of the Decedent's constitutional right to medical care by City of Hugo police officers who had legal custody of the Decedent.

15.     Plaintiff's damages were caused by an intervening and/or superseding cause for which Defendant Park is not liable.

16.     Defendant Park was not deliberately indifferent to any known, substantial risk of serious harm to any inmate, including decedent.

17.     Punitive damages are not recoverable against Defendant Park in his official capacity.

18.     The incident involving the decedent was an isolated incident.

19.     Defendant is entitled to settlement credit or an offset regarding any settlement with any other party in this case pursuant to Okla. Stat. tit. 12, § 832(H) and/or federal common law.

WHEREFORE, having fully answered Plaintiff's Complaint, Sheriff Terry Park, in his official capacity, respectfully requests this matter be adjudicated in his favor and that he be dismissed with his costs, attorney's fees and any other relief the law or equity allows.

Respectfully submitted,


s/ Stephen L. Geries
Stephen L. Geries, OBA No. 19101
W.R. Moon Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:     (405) 524-2070
Facsimile:     (405) 524-2078
E-mail:         slg@czwlaw.com
                wrm@czwlaw.com

***ATTORNEY FOR DEFENDANT
SHERIFF TERRY PARK, IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
CHOCTAW COUNTY, OKLAHOMA***

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven J. Terrill
J. Spencer Bryan
Bryan & Terrill Law, PLLC
3015 E. Skelly Drive, Suite 400
Tulsa, OK 74105


s/ Stephen L. Geries
Stephen L. Geries

21