IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KYLE ENDICOTT, as Next Friend of JENNIFER CROWELL, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>(2) CHOCTAW COUNTY CITY OF HUGO HOSPITAL AUTHORITY,<br>(3) ERIC HOGAN,<br>(4) SOUTHEASTERN EMERGENCY SERVICES, LLC,<br>(5) TEDDY ROWLAND, individually and d/b/a HUGO MEDICAL CLINIC,<br>(6) VELVET BULLARD, a/k/a VELVET BARNETT,<br>(7) TERRY PARK, in his official capacity as Sheriff of Choctaw County, Oklahoma,<br>(8) CITY OF HUGO,<br>(9) ROBERT WHITE, and<br>(10) DON LOMAN,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 21-CV-319-KEW |

**DEFENDANTS' MOTION TO QUASH**
**<u>SUBPOENAS FOR DOCUMENTS TO U.S. CELLULAR AND AT&T</u>**

Come now Defendants, Eric Hogan and Teddy Rowland, individually and d/b/a Hugo Medical Clinic, and request that the Court quash Plaintiff's Subpoenas for Documents to U.S. Cellular and AT&T for the personal cell phone records of Eric Hogan and Teddy Rowland. Counsel for the Defendants conferred with Plaintiff's counsel in an effort to resolve this dispute, but an agreement could not be reached. In support thereof, Defendants hereby submit the following brief:

**INTRODUCTION**

Decedent Jennifer Crowell was treated by Eric Hogan and others in the Choctaw County Memorial Hospital Emergency Department on June 26, 2020. She arrived to the emergency department via Choctaw Ambulance Authority at approximately 12:37. During the course of her presentation Decedent became increasingly violent and struck a nurse. Police were notified and transported Decedent from the hospital to the local jail at approximately 14:11.

Following her arrival to the jail, jail personnel determined that Decedent was in need of medical care and requested a transport from Choctaw Ambulance Authority. The same day, Decedent was transported back to Choctaw Memorial Hospital and arrived at approximately 15:06. Dr. Hogan examined Decedent and a decision was made to transfer the patient to AllianceHealth Hospital – Durant. At approximately 15:45 AllianceHealth Hospital – Durant accepted transfer of Decedent, and at approximately 16:20 Decedent was transferred from Choctaw Memorial Hospital to AllianceHealth Durant for further medical care.

Plaintiff filed its Petition in state court on September 16, 2021. Upon motion the case was removed to this Court on October 22, 2021. In his Petition, Plaintiff alleges medical negligence, violation of EMTALA, Deliberate Indifference, and Monell Liability. (See Petition, attached as Exhibit 1). Plaintiff has named Eric Hogan, Teddy Rowland, Hugo Medical Clinic, and others as Defendants. It is undisputed that Dr. Rowland was not personally involved in the Decedent's medical care. Plaintiff's claims against Dr. Rowland sound in vicarious liability.

The parties are still conducting written discovery and no depositions have taken place. On February 28, 2022 Plaintiff issued Subpoenas for Documents to U.S. Cellular and AT&T requesting the personal cell phone records of Eric Hogan and Teddy Rowland <u>for a period of two months including a month before Decedent was treated at Choctaw Memorial Hospital.</u> Plaintiff's subpoenas should be stricken on the grounds that they are premature, seek information not relevant or proportional to the needs of the case, and are an unwarranted intrusion into Defendants' privacy.

## **ARGUMENT AND AUTHORITIES**

**I.      Plaintiff's subpoenas are premature.**

Plaintiff filed his Complaint/Petition against Defendants on September 16, 2021. The parties are still conducting written discovery and no depositions have taken place. On February 28, 2022 Plaintiff issued Subpoenas for Documents to U.S. Cellular and AT&T requesting the personal cell phone records of Defendants Eric Hogan and Teddy Rowland. Specifically, Plaintiff has requested, "For the time period from May 26, 2020 through July 26, 2020, all call detail records, subscriber information, billing reprints with call/SMS detail, interaction history, and SMS content (if available), for the following numbers: [Eric Hogan and Teddy Rowland]." (See SDT, attached as Exhibit 2). Plaintiff's subpoenas are premature and should be stricken by the Court.

Plaintiff seeks to obtain the personal cell phone records of Defendants Eric Hogan and Teddy Rowland, <u>for a two month period</u>, prior to any depositions in this case. There has been no testimony or evidence that Defendants engaged in any type of communication via phone regarding Decedent's medical care. There has been no testimony or evidence that any phone calls are text messages were exchanged

3

regarding Decedent's medical care. In fact, Dr. Hogan was indeed present at the Choctaw Memorial Hospital Emergency Department and treated Decedent.

Audio recordings of communications from first responders, police, EMS, and the hospital, have already been exchanged in discovery. Due to a complete lack of depositions and testimony in this matter, it is unclear exactly what relevant information Plaintiff is seeking through subpoenas for the personal cell phone records of Dr. Hogan and Teddy Rowland for a two-month period. The medical care at issue took place on June 26, 2020 over a period of a few hours. There has been no testimony or evidence that Dr. Hogan or Teddy Rowland made any calls or text messages regarding Decedent during a period of a few hours. In fact, there has been no testimony or evidence that Defendants made any calls are text messages regarding Decedent at any point, because no depositions have taken place. Plaintiff's subpoenas are premature at this point in discovery and should be stricken.

## II.   Plaintiff's subpoenas are not relevant or proportional to the needs of the case.

In a federal civil proceeding, parties may only obtain discovery regarding non-privileged matters that are relevant to a claim or defense and proportional to the needs of the case. FED.R.CIV.P. 26(b)(1). When considering an objection as to the relevancy of material sought, a court must first "determine whether discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir.2009)(quoting FED.R.CIV.P. 26(b)(1)). "Regardless of whether discovery materials are sought from nonparties or parties, Rule 26(b)(1)'s limitation on the scope of permissible discovery applies[.]" *Griggs v. Vanguard Grp., Inc.*, No. ICV-

4

17-1187-SLP, 2019 WL 3058982 (W.D. Okla. May 7, 2019).   While relevance should be construed liberally, "discovery like all matters of procedure, has ultimate and necessary boundaries."  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  As such, discovery of matters not "relevant to a claim or defense and proportional to the needs of the case" do not fall within the scope of Rule 26(b)(1).  Further, the party seeking discovery cannot engage in a "fishing expedition" in the hopes of eventually supporting its claims.  *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002).

A subpoena served on a third party pursuant to Rule 45 is considered discovery within the meaning of the Federal Rules of Civil Procedure.  *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D.Okla. 1995).  Thus, "any subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement."  *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018)(quoting *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008)(internal quotations omitted).

Here, the fishing expedition requested by Plaintiff delves into the private and personal lives of Defendants which does not fit the 'reasonable needs of this action.'  Plaintiff has requested the personal cell phone records of Eric Hogan and Teddy Rowland for a <u>two month period</u>.  One month of that time *is before* Decedent arrived at Choctaw Memorial Hospital.  Decedent was seen and treated by Dr. Hogan and medical providers at the Choctaw Memorial Hospital on June 26, 2020 for a period of a few hours.  The entirety of Decedent's medical care at issue took place on one day in a period of a few hours.

Teddy Rowland has been named as a defendant both individually and d/b/a Hugo Medical Clinic.  Hugo Medical Clinic contracted with Choctaw Memorial Hospital to provide medical services in the emergency department.  Teddy Rowland is a medical provider, but did not provide medical care to Decedent on June 26, 2020.  Teddy Rowland's personal cell phone records are not relevant to the care that Decedent received at the hospital.

Defendants' personal cell phone records for a two month period are in no way relevant to the medical care Decedent received on June 26, 2020 in the period of a few hours.  Indeed, Plaintiff's Subpoenas are certainly not proportional to the needs of the case.  Plaintiff is not entitled to unlimited access to Defendants' personal cell phone records one month prior to Decedent's presentation to the Choctaw Memorial Emergency Department and one month after Decedent's release from the hospital.  Records of phone calls that took place one month prior to Decedent's admission are not relevant and will not likely contain evidence of events in litigation.  Again, it is unclear what relevant information Plaintiff is seeking at this early stage of discovery by requesting unlimited access to Defendants' personal cell phone records for a two month period.

**III.     Plaintiff's subpoenas seek personal and private information.**

Multiple District Courts within Oklahoma have noted that persons have a personal interest in the privacy of their personal cell phone records.  *Kizer v. Starr Indem. & Liab. Co.*, No. CIV-18-846-D, 2019 U.S. Dist. LEXIS 76320, at *7 (W.D. Okla. May 6, 2019), (stating a person has a personal interest in the privacy of his cell phone records); *see also Clark v. Johnson,* U.S. Dist. LEXIS 103079, at *4 (N.D. Okla. Aug. 6,

2015). Similarly, multiple other jurisdictions are in agreement that a personal interest right of privacy exists with a persons' cell phone records and that an individual has a personal interest sufficient to give him standing to challenge a subpoena for discovery of personal information in the custody of a third party. *See Ademiluyi v. Phillips*, 2014 U.S. Dist. LEXIS 173739, 2014 WL 7012493, *2 (E.D. La. July 29, 2014)(noting personal interest in privacy of one's cell phone records); *Syposs v. U.S.*, 181 F.R.D. 224, 227-28 (W.D. N.Y. 1998).

    Indeed, Oklahoma District Courts and the Tenth Circuit routinely hold in scenarios where cell phone records are subpoenaed that records relating to whether Plaintiff was on the phone at the time of an accident (relevant information) are discoverable, <u>but place stringent time and scope limitations on such records to protect a parties' privacy.</u> *See Coleman v. Reed*, 2016 U.S. Dist. LEXIS 118430, 2016 WL 4523915, at *2 (W.D. Okla. Aug. 22, 2016) (finding that similar cell phone records were relevant as to whether defendant was using his phone, and in what ways, at the time of the accident but that the requested three-day period was over broad and the court limited the request to only the one hour time period immediately before and during the accident); *See Clark v. Johnson*, 2015 U.S. Dist. LEXIS 103079, at *6 (N.D. Okla. Aug. 6, 2015) (holding call records for Plaintiff's phone were ordered for the one hour during the accident, in order to determine if he was using his cell phone and may have been distracted at the time of the accident; however, the cell phone provider "shall not produce any information regarding the substance of any communications [Plaintiffs] may have sent or received during that time period.") (emphasis in original).

The personal cell phone records of Dr. Hogan and Teddy Rowland will contain private, personal information unrelated to this case. Phone calls to family members, patients, personal health information, personal financial information, etc., are private and have no relevance to the issues in this case. Plaintiff should not be granted unlimited access to the private affairs of Defendants and indeed are not entitled to Defendants' private information for a two month period. Defendants' personal calls and communications are not relevant and this attempt to obtain them for a two month period is designed to infringe upon their private affairs and harass Defendants.

## **CONCLUSION**

Plaintiff's subpoenas should be stricken on the grounds that they are premature, seek information not relevant or proportional to the needs of the case, and are an unwarranted intrusion into Defendants' privacy. Numerous district courts have concluded that persons have a personal interest in the privacy of his or her cell phone records and that stringent time and scope limitations should be utilized on such records to protect a parties' privacy. Defendants' cell phone records will contain personal and private information not relevant in any way to this case. It is not exactly clear what relevant information Plaintiff seeks as no depositions have taken place.

Should the court allow Plaintiff to amend and re-issue a more reasonable subpoena, Defendants believe that a redacted copy of phone records with potentially relevant communications for a period of one or two weeks could be reasonable. However, Plaintiff's current request for unlimited access to Defendants' personal cell phone records for a period of two months is unreasonable and Defendants request that the Subpoenas be stricken.

Without waiving these objections, in the event Defendants' Motion to Quash is denied, Defendants request that any documents produced by U.S. Cellular and AT&T pursuant to Plaintiff's subpoenas be first produced to the Court for in camera review for purposes of review, removal, and redaction of all private and/or privileged information which is irrelevant to issues in this case.

WIGGINS SEWELL & OGLETREE

/s/ *Hayden R. King*
Lane O. Krieger          OBA No. 20262
Hayden R. King          OBA No. 33210
3100 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK  73102
405/232-1211
405/235-7025 (fax)
lkrieger@wsolaw.net
hking@wsolaw.net

Attorneys for Defendant,
Eric Hogan


LATHAM, STEELE, LEHMAN, KEELE,
RATCLIFF, FREIJE & CARTER, P.C.

/s/ *Lance Freije*
Mr. Lance Freije
Mr. Bob L. Latham
1515 East 17th Street, Suite 200
Tulsa, OK 74136
lfreije@law-lsl.com
blatham@lw-lsl.com

Attorneys for Defendants,
Teddy Rowland, individually and
d/b/a Hugo Medical Clinic,

**Certificate of Service**

I hereby certify that on this 14th of March, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>Mr. Steven J. Terrrill
>Mr. J. Spencer Bryan
>Bryan & Terrill Law, PLLC
>sjterrill@bryanterrill.com
>jsbryan@bryanterrill.com
>
>>Attorneys for Plaintiff
>
>Mr. Sean M. McKelvey
>Ms. Meaghen E. Clark
>Steidley & Neal
>smm@steidley-neal.com
>mac@steidley-neal.com
>
>>Attorneys for Defendants,
>>City of Hugo, Robert White, and Don Loman
>
>Mr. Stephen L. Geries
>Mr. W.R. Moon, Jr.
>Collins Zorn & Wagner, PLLC
>slg@czwlaw.com
>wrm@czwlaw.com
>
>>Attorneys for Defendant,
>>Sheriff Terry Park, in his Official Capacity
>>as Sheriff of Choctaw County, Oklahoma

        Mr. James K. Seacrest
        Mr. Justin Hall
        Secrest Hill Butler & Secrest
        jsecrest@secresthill.com
        jhall@secresthill.com

                Attorneys for Defendants,
                Choctaw County City of Hugo Hospital
                Authority and Velvet Bullard

                              */s/ Hayden R. King*
                              Lane O. Krieger / Hayden R. King