IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KYLE ENDICOTT, as Special Administrator for the Estate of Jennifer Crowell,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHOCTAW COUNTY CITY OF HUGO HOSPITAL AUTHORITY, et al.,**<br><br>**Defendants.** | Case No. CIV-21-319-RAW |

## **ORDER**

Before the court is the motion of defendant Velvet Bullard for summary judgment. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim. *Sanderson v. Wyoming Highway Patrol,* 976 F.3d 1164, 1173 (10th Cir.2020). When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wright v. Experian Info. Sols., Inc.,* 805 F.3d 1232, 1239 (10th Cir.2015).

On June 26, 2020, Jennifer Crowell was observed (possibly in seizure) on a street in Hugo, Oklahoma. She was transported by ambulance to Choctaw Memorial Hospital, where she was seen by movant Bullard, a nurse at the facility. The initial records used the

following language to describe Crowell: "'suicidal thoughts (acutely psychotic),' anxiety, hallucinations, delusions, 'bizarre behavior,' agitated, 'aggressive behavior,' and 'violent behavior.'" As medical evaluation and treatment were attempted, Crowell hit Bullard. The police were called and Crowell was transported to jail. Crowell's condition did not improve and jailers observed her banging her head on the cell. Crowell was returned to Choctaw Memorial Hospital and later sent to Alliance Hospital in Durant, where she died on June 30, 2020.

In the original petition filed in state court (#2-2)[1], Bullard is named in the first claim (negligence under state law) and the third claim (deliberate indifference under 42 U.S.C. §1983). As to the first claim, movant notes that the Oklahoma Governmental Tort Claims Act generally immunizes individual state employees from liability for torts committed "within the scope of their employment." 51 O.S. §152.1(A); *see also* §163(C); *Crouch v. Daley,* 581 Fed.Appx. 701, 705 (10th Cir.2014).

Plaintiff correctly notes that the question of whether an employee has acted within the scope of employment at any given time is normally a question for the jury. An exception to this principle is "in cases where only one reasonable conclusion can be drawn from the facts." *Nail v. City of Henryetta,* 911 P.2d 914, 918 (Okla.1996). Viewing the record in the light most favorable to plaintiff, this seems a difficult issue. A nurse providing medical treatment is obviously within the

---

[1] Plaintiff filed an amended complaint (#71), adding two new claims (not against Bullard) and merely incorporating the original petition. This can be permissible under Rule 10(c) F.R.Cv.P. No defendant objected and this court authorized the filing.

scope of her employment.  The nurse making the decision to break off medical treatment to summon the police (even after being struck once by a violent patient) is not as obvious.

Movant notes hospital policy directed that, upon a display of violence (for example) by a patient, the Charge Nurse was to contact the proper authorities.  (#112-7 at page 3 of 4 in CM/ECF pagination).  Compliance with workplace policy seems within the scope of employment.  The court must observe that when the patient has already been described as having "suicidal thoughts (acutely psychotic)," however, the danger (to the patient) posed by jail custody is manifest.  The hospital policy does not address this factual situation.[2]  Even more broadly, 51 O.S. §155(4) "provides immunity to the decision by a governmental employee to enforce or not enforce a law or written policy."  *J.W. v. Indep. Sch. Dist. No. 10 of Dewey Co.,* 500 P.3d 649, 659 (Okla.Ct.App.2021).  Summary judgment is granted as to this claim.

The federal claim will also be dismissed, although not on a ground expressly raised by movant.  "To state a valid §1983 claim, the plaintiff must allege that: (1) she suffered a violation of her constitutional rights; and (2) this deprivation was caused by someone acting under the color of state law.  But [plaintiff] is unable to prevail on her §1983 claim because medical malpractice, without more, is not a constitutional violation but is instead a state law claim."  *Adkins v. Koduri,* 755 Fed.Appx. 751, 753 (10th Cir.2018).[3]

---

[2]Bullard expected that Crowell would be taken to jail where '[s]he would just cool off," "[j]ust go to sleep," and that "nothing serious," "nothing more than that" would happen to her.  (#112-3 at76 l.20-77 l.4).  This seems a naive expectation at best, but again an expectation made within the scope of employment.

[3]Unlike the Constitution, Section 1983 is not itself a source of substantive rights, but serves instead only as a vehicle to provide relief against those who, acting under color of state law, violate federal rights created elsewhere.  *Sturdivant v. Fine,* 22 F.4th 930, 935 (10th Cir.2022).

It is the order of the court that the motion for summary judgment of defendant Bullard (#112) is hereby granted. Velvet Bullard is dismissed as a party defendant.

**ORDERED THIS 28th DAY OF SEPTEMBER, 2023.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**