IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KYLE ENDICOTT, as Special Administrator for the Estate of Jennifer Crowell,** )<br>)<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHOCTAW COUNTY CITY OF HUGO HOSPITAL AUTHORITY, et al.,** )<br>)<br>)<br>)<br>**Defendants.** ) | Case No. CIV-21-319-RAW |

# ORDER

Before the court is the motion of plaintiff for relief from order or judgment. In a previous order (#168) the granted in part the motion for summary judgment of defendant Choctaw County City of Hugo Hospital Authority ("the Authority"). Plaintiff now asks the court to reconsider that decision.

On June 26, 2020, Jennifer Crowell was observed (possibly in seizure) on a street in Hugo, Oklahoma. She was transported by ambulance to Choctaw Memorial Hospital, where she was seen by Bullard, a nurse at the facility. The initial records used the following language to describe Crowell: "'suicidal thoughts (acutely psychotic),' anxiety, hallucinations, delusions, 'bizarre behavior,' agitated, 'aggressive behavior,' and 'violent behavior.'" When Crowell was initially uncooperative, the police were called due to a "combative patient."

Crowell approached one officer with her fist raised as if to strike him. Crowell was placed in handcuffs. Medicine was administered in an attempt to calm Crowell. One hand restraint was removed so Bullard could eat. As medical evaluation and treatment were attempted, Crowell hit Bullard. The police were called again (the two officers having left as their shift was over) and Crowell was transported to jail. Crowell was returned to Choctaw Memorial Hospital and later sent to Alliance Hospital in Durant, where she died on June 30, 2020.

In the original petition filed in state court (#2-2), the Authority is named in the first claim (negligence under state law), the second claim (EMTALA), and the fourth claim (municipal liability under U.S.C. §1983). More specifically as to the first claim, plaintiff alleges the Authority owed a duty of medical care and treatment and that the duty was breached by separating Crowell from such care. In the previous order, the court denied the motion as to the EMTALA claim and granted the motion as to the state law claim.[1]

Plaintiff has persuasively argued that the court's granting of summary judgment in favor of the Authority on the state law claim was based on a misapprehension as to what plaintiff contended was the "liability triggering event." In this context, the pertinent question is individual immunity for Bullard.

In a companion order, incorporated herein by reference, the court granted plaintiff's motion to reconsider regarding the state law claim against Velvet Bullard. The court had previously found

---

[1] The court erred by also dismissing plaintiff's §1983 claim against the Authority. As plaintiff notes, the Authority did not move for summary judgment as to that claim. The claim is hereby restored. In the companion order, the §1983 against Bullard remained dismissed, but based upon qualified immunity.

no genuine dispute of material fact as to whether Bullard acted within the scope of her employment. In the companion order, the court concluded that under the record the issue was properly one for jury consideration. The state law claim against the Authority is also restored. Of course, when a government employee is acting outside the scope of employment, that employee is not immune from tort liability, and the government employer is not liable for that employee's actions. *Lynch v. Bd. of Cty. Comm'rs* 786 Fed.Appx. 774 n.12 (10th Cir.2019). Resolution of liability and/or immunity depends in part upon the jury's conclusion as to whether Bullard was acting within the scope of employment.

It is the order of the court that the motion for relief from judgment or order by plainitff (#169) is hereby granted. The previous order (#168) is vacated. The plaintiff's state law claim and §1983 claim are restored against Choctaw County City of Hugo Hospital Authority. Plaintiff's EMTALA claim remains pending as well.

**ORDERED THIS 28th DAY OF MARCH, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**