IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE ENDICOTT, as Special Administrator of the Estate of Jennifer Crowell, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CHOCTAW COUNTY CITY OF HUGO HOSPTIAL AUTHORITY, et al.,<br><br>Defendants. | Case No. 21-CV-319-RAW |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff, the Estate of Jennifer Crowell's ("Plaintiff") Motion for Spoliation Sanctions against Defendant Terry Park, in his official capacity ("Defendant Park"), pursuant to Fed. R. Civ. P. 37. (Docket No. 192). On April 8, 2024, United States District Judge Ronald A. White referred this Motion to Magistrate Judge D. Edward Snow for disposition, pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 198). For the reasons set forth below, Plaintiff's Motion for Spoliation Sanctions is DENIED.

I. Background

Plaintiff brings this Motion for Spoliation Sanctions against Defendant Park for deleting all his text messages and continuing to do so throughout the litigation following Jennifer Crowell's cardiac arrest at the Choctaw County Jail ("CCJ"), despite receiving a preservation letter. (Docket No. 192 at 1). Plaintiff argues that "Park's decision to intentionally delete all texts messages and ignore the preservation letter is willful conduct justifying the imposition of serious sanctions." *Id.* Plaintiff's Motion notes that on June 26, 2020, Jennifer Crowell was brought to the CCJ after being evicted from Choctaw Memorial Hospital for assaulting a nurse. After being notified of her arrival, Defendant Park directed officers to move Jennifer into the CCJ where she then went into cardiac

1

arrest. *Id.* at 1-2. Plaintiff argues that following this event, Defendant Park proceeded to report the incident to the Oklahoma State Department of Health and placed a call to his civil attorneys approximately 30 minutes after Jennifer Crowell went into cardiac arrest. *Id.* at 2-3. Later that day and into the evening, Defendant Park sent nineteen (19) text messages, all of which were deleted that same evening. *Id.* at 3. It is these text messages that Plaintiff claims should have been preserved as they "likely [included] relevant information including, but not limited to: (1) Park's pre-litigation state-of-mind as to Terry-Ball's warning about the risk to Jennifer from placing her in the CCJ; (2) information communicated by Park about his belief that he had no place to send Jennifer due to the hospital's eviction; and (3) his own acknowledgment of wrong-doing by disregarding the expertise of his jail administrator." *Id.* at 4. However, this is pure speculation and Plaintiff fails to present any evidence to support this belief.

    II.    Analysis

Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 37 and the inherent authority of the Court. Under Fed. R. Civ. P. 37(e):

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>     (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
>     (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>         (A) presume that the lost information was unfavorable to the party;
>
>         (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
>         (C) dismiss the action or enter a default judgment.

Rule 37(e) thus requires the following three-part analysis:

> "The first is to decide if the rule applies at all – that is, if a party failed to take 'reasonable steps' to preserve [ESI] 'that should have been preserved in the anticipation or conduct of litigation.' Fed. R. Civ. P. 37(e). If so, then the second step is to decide if there has been 'prejudice to another party from loss of the information,' in which case the Court 'may order measures no greater than necessary to cure the prejudice.' Fed. R. Civ. P. 37(e)(1). Lastly, the third step to consider – regardless of prejudice to any other party – is whether the destroying party 'acted with the intent to deprive another party of the information's use in the litigation,' in which event a court may consider whether to impose the most severe of measures such as mandatory presumptions or instructions that the lost information was unfavorable or the entry of default judgment."

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 494 (S.D.N.Y. 2022) (internal citations omitted); *see also Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) ("A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.") (citation omitted)).

In the present case, it is difficult to determine whether Defendant Park failed to take reasonable steps to preserve electronically stored information ("ESI") as we do not know the subject matter of the deleted text messages, who they were to, or whether they were related to the events that gave rise to the litigation in order to determine if they should have been preserved in anticipation of litigation. For spoliation "sanctions to be appropriate, it is a necessary . . . condition that the sought-after evidence actually existed and was destroyed." *Farella v. City of New York,* Nos. 05 Civ. 5711 & 05 Civ. 8264 (NRB), 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007); *see also La Belle v. Barclays Cap. Inc.*, 340 F.R.D. 74, 82 (S.D.N.Y. 2022) (explaining that "a party seeking spoliation sanctions must necessarily show that the evidence at issue actually existed"). Plaintiff believes the text messages contained information regarding "(1) Park's pre-litigation state-of-mind as to Terry-Ball's warning about the risk to Jennifer from placing her in the CCJ;

3

(2) information communicated by Park about his belief that he had no place to send Jennifer due to the hospital's eviction; and (3) his own acknowledgment of wrong-doing by disregarding the expertise of his jail administrator." (Docket No. 192 at 4). However, Plaintiff has not presented any evidence to support this belief.

"Admittedly, it is difficult to prove a document existed but has been destroyed; however, frequently a missing document will be referred to in other surviving documents or will be recalled during deposition." *Pinstripe, Inc. v. Manpower, Inc.*, No. 07-CV-620-GKF-PJC, 2009 WL 2252131, at *4 (N.D. Okla. July 29, 2009) (citation omitted). Plaintiff had the opportunity to depose Defendant Park and ask him whether he sent any text messages regarding the incident with Jennifer Crowell, to which he testified that he did not recall. (Docket No. 192-8 at 156-157). Plaintiff also deposed jail administrator Christie Terry-Ball who testified that she did not recall receiving text messages from Defendant Park regarding Jennifer Crowell. (Docket No. 192-4 at 113). Finally, Plaintiff asked Defendant Park if he had any conversations about the incident involving Jennifer Crowell with anyone other than his attorney, to which Defendant Park testified he had not. (Docket No. 192-8 at 43-44). Other than Plaintiff's belief that the messages contain information relevant to the litigation, and therefore information that should have been preserved, there is no actual evidence presented to support this.

Furthermore, Plaintiff's argument that Defendant Park had the duty to preserve the text messages in anticipation of litigation also falls short. Fed. R. Civ. P. 37(e) "does not create a . . . duty to preserve; instead, it looks to the common-law duty to preserve relevant information when litigation is reasonably foreseeable." *Hayes v. Owen*, No. 22-CV-00230-CVE-SH, 2023 WL 8543509, at *3 (N.D. Okla. Dec. 11, 2023) (quotations and citations omitted). "'While a party should not be permitted to destroy potential evidence after receiving unequivocal notice of

4

impending litigation, the duty to preserve relevant documents should require more than a mere possibility of litigation.'" *Id.* (quoting *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007)). "Defendant routinely deleted his text messages [and did so] on the evening of June 26, 2020 – well before any preservation letter or notice of tort claim was issued with regard to this suit, long before counsel was retained in this suit, and arguably before the Defendant had any basis to reasonably anticipate the likelihood of litigation herein, thereby triggering any duty to preserve evidence." (Docket No. 229 at 13-14). Plaintiff argues that the Defendant anticipated litigation in this case because he immediately contacted civil counsel, prepared a narrative of the incident, and reported the incident to the Department of Health. (Docket No. 192 at 5). However, Plaintiff has presented no evidence that the Defendant's phone call to his civil attorneys was in reference to Jennifer Crowell. (Docket No. 229 at 2-3). Furthermore, as Plaintiff himself acknowledges, the report to the Department of Health was required by law and, therefore, does not necessarily indicate that Defendant Park anticipated litigation. Likewise, it is quite common for law enforcement officials to prepare narrative reports regarding specific incidents in which they are involved, and the fact that Defendant Park prepared such a report does not necessarily indicate that he anticipated litigation. Finally, nothing in the record indicates that Defendant Park should have known that his text messages should have been preserved. There is nothing to indicate they were relevant to Plaintiff's claims; therefore, Defendant Park had no duty to preserve them.

Even if we proceed *in arguendo* and determine that Defendant Park should have taken reasonable steps to preserve his text messages in the anticipation or conduct of litigation, Plaintiff has not established prejudice to him as a result of the lost data. "Plaintiff's contention that these text message would likely contain any information helpful to the Estate's case is wholly

speculative." (Docket No. 229 at 12). As discussed above, Plaintiff has not presented any evidence that the text messages contained relevant information. Because Plaintiff cannot establish that the subject text messages were relevant, he therefore cannot demonstrate the Estate has been materially prejudiced by the alleged loss thereof. *See Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1219-20 (10th Cir. 2008) (holding that without a showing of relevance, a plaintiff cannot show that he was prejudiced).

Furthermore, Plaintiff's argument that Defendant Park deleted his text messages with the intent to deprive another party of the information in a "deliberate and willful" manner is likewise unpersuasive. "[C]ourts require evidence of intentional destruction or bad faith before a litigant is entitled to a spoliation instruction . . . Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Henning,* 530 F.3d at 1220 (quotation omitted). In this case, Defendant Park testified that it is his habit to delete his text messages daily and is something he continued to do before and after the incident with Jennifer Crowell. (Docket No. 192-8 at 152-153). Plaintiff believes this is indicative of a high degree of culpability because Defendant Park deleted his messages before anyone could see them. (Docket No. 192 at 12). However, this argument would be stronger if Defendant Park *only* deleted his messages from the day the incident with Jennifer Crowell occurred; since that is not the case it would seem that at best, Defendant Park was negligent in failing to preserve the text message evidence, which is insufficient to warrant the requested sanctions of default judgment, adverse inference instruction, or awards of costs and attorney's fees. "Without a showing of bad faith, a district court may only impose lesser sanctions." *Turner v. Public Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009) (citing *Henning,* 530 F.3d at 1220). Since, as discussed above, there

is no evidence presented that would have imposed a duty on Defendant Park to preserve his text messages, even lesser sanctions are not applicable.

    III.    Conclusion

Plaintiff has failed to show that the text messages Defendant Park deleted were relevant to the litigation at issue and therefore has failed to show the loss of the messages prejudiced the Estate. Plaintiff has also failed to show that Defendant Park acted with intent to deprive Plaintiff of their content. Defendant Park had no duty to preserve the text messages on the day of the incident and it was his regular custom to delete his messages every evening. Therefore, the Court cannot find that Defendant Park acted with the requisite intent to warrant the more severe sanctions sought by Plaintiff. Accordingly, Plaintiff's Motion for Spoliation Sanctions against Defendant Terry Park, in his official capacity, (Docket No. 192) is hereby DENIED.

IT IS SO ORDERED this 22nd day of May, 2024.

.

_____
D. Edward Snow
United States Magistrate Judge

7