IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE ENDICOTT, as a special administrator of JENNIFER CROWELL deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>CHOCTAW COUNTY CITY OF HUGO HOSPITAL AUTHORITY, ET AL,<br><br>**Defendant.** | Case No. 21-CV-319-RAW |

## ORDER

Before the Court is Plaintiff Estate's motion In Limine [Dkt. No. 199]. For the foregoing reasons it is DENIED in part and GRANTED in part.

Motions in limine are permitted under the Federal Rules of Evidence to allow the Court to decide evidentiary issues in advance of trial, avoid delay, ensure fairness, and narrow down the evidentiary issues. *Mendelsohn* v. *Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners* v. *AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones* v. *Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); see also *Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds ... [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

Additionally, "[c]ourts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence ... without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey* v. *Diversified Servs., Inc.*, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (quoting *Graham* v. *Union Pacific R.R. Co.*, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008)) (denying a "purely generic" motion in limine); *Walsh* v. *United States*, 2009 WL 3755553, at *2 (N.D. Okla. Mar. 31, 2009) ("A court is within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity. Motions in limine which exclude broad categories of evidence should rarely be granted. The better practice is to address the issues of admissibility as they arise.").

I.      Plaintiff seeks to exclude evidence regarding Jennifer Crowell's prior misdemeanor convictions. Plaintiff argues that under Rule 609 (a), Rule 403, and Rule 608 evidence of the decedent's prior criminal history "is vague, irrelevant, and constitutes impermissible character evidence. Dkt. No. 199 at 2. Defendant Terry Park contends that Ms. Crowell's prior criminal charges and jail bookings are not offered as character evidence, but instead are relevant and probative under Rule 404 (b) (1) regarding decedent's behavior during previous incarcerations in the jail and how she presented during those arrests and how that informed the officers assessment of her medical needs.

The Plaintiff's motion is GRANTED pursuant to Rule 404 (b) (1) as the decedent's prior arrests are more prejudicial than probative. While the Defendants contend that the prior charges and or convictions are offered merely because they created a reference point for officers to compare her behavior to that demonstrated during previous arrests, they stop short of specifying what behavior was demonstrated during those previous arrests that subsequently informed their

assessment of the decedent in the instant case. The mere fact that she was arrested previously does not by itself influence the awareness of jail staff as to whether she was suffering from a medical condition during the arrest at bar. Accordingly, the probative value of these prior arrests is minimal. Thus, especially given that prior arrets have a potential to be highly prejudicial. The Plaintiff's motion hereby GRANTED.

II.     Prior bad acts and reduced life expectancy. Plaintiff seeks to exclude the Decedent's alleged prior drug use as irrelevant, unduly prejudicial, and inadmissible character evidence. Defendants object [Dkt. No. 247, 248, and 249] arguing that evidence concerning prior drug use is relevant to the decedent's medical history and therefore her cause of death as well as to determining Plaintiff's damages reasoning that drug use is relevant to assessing the decedent's life expectancy. Plaintiff contends that the decedent did not test positive for drugs during the incident, however Defendant Hogan points out that there is evidence in the Plaintiff's medical records from three (3) months prior to the incident where she tested positive for methamphetamines. Dkt. No. 249 at 3-4.

The Plaintiff's motion is DENIED. Evidence regarding the Decedent's prior use of drugs is probative of both her cause of death and the issue of damages as it relates to life expectancy. The Defendants are offering the evidence of prior drug use as it pertains to her medical history and to her life expectancy. While prior drug use has the potential to be prejudicial, in this case it is highly probative of the relevant facts concerning cause of death and the amount of damages. Therefore, pursuant to Rule 404 (b) the Plaintiff's motion is DENIED to the extent the defendants seek to introduce such evidence for proper purposes.

III.    Information regarding Jennifer's sister Kim Crowell. Plaintiff seeks to exclude information regarding the death of the decedent's sister, Kim Crowell. Defendant Park states that

he does not intend to introduce this evidence [Dkt. No. 247 at 4], neither does Defendant Hogan [Dkt. No. 249 at 7]. Defendants Hugo Hospital Authority, and Velvet Bullard [Dkt. No. 248], however seek to introduce evidence regarding Kim Crowell's death, arguing that it is relevant to potential loss of consortium damages because "Plaintiff may not seek recovery for the quantum of grief attributable to the parents loss of their second child" and that the grief experienced from the death of Kim Crowell makes it less probable that the "entire extent of the grief they experienced is attributable to the death of Jeniffer Crowell." Dkt. No. 248. As the Plaintiff points out, the Estate cannot recover damages under § 1983 for loss of consortium. Accordingly, because loss of consortium will not be an issue, the evidence regarding the death of Kim Crowell is not relevant and the Plaintiff's Motion is GRANTED pursuant to Rule 401.

IV.   Introduction of the settlement with other parties. Plaintiffs seek to exclude evidence that the Estate settled claims with the Hugo Defendants arguing that such evidence would confuse the jury and not be relevant citing Fed. R. Evid. 401, 403, and 408. Dkt No. 199 at 8. Defendants object arguing that the evidence of resolved claims with other parties are relevant because the jury's determination of any liability attributable to the remaining defendants will be unfairly altered. Defendants additionally raise the concern that the Defendants whose claims were resolved may offer biased testimony at trial. The Plaintiff's motion is DENIED. Pursuant to Rule 408 and Rule 403 evidence of the codefendants settlement or dismissal is permitted for the limited purposes of preventing jury confusion and speculation regarding the former co defendants' absence.

As to all of the evidence and arguments offered by the parties, the Court notes that it will prohibit any arguments and exclude any evidence that would violate the Federal Rules of Evidence and permit those that comply with the rules. Therefore, Plaintiff Estate's motion In Limine [Dkt. No. 199] is hereby DENIED in part and GRANTED in part.

SO ORDERED this 27th day of May, 2025.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**