IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE ENDICOTT, AS A SPECIAL ADMINISTRATOR OF JENNIFER CROWELL DECEASED, <br><br> Plaintiff, <br><br> v. <br><br> CHOCTAW COUNTY CITY OF HUGO HOSPITAL AUTHORITY, ET AL, <br><br> Defendant. | Case No. 21-CV-319-RAW |

## ORDER

Before the Court is Defendant Sheriff Terry Park, in his Official Capacity's Motion and Brief in Limine [Dkt. No. 210]. For the foregoing reasons it is DENIED in part and GRANTED in part.

Motions in limine are permitted under the Federal Rules of Evidence to allow the Court to decide evidentiary issues in advance of trial, avoid delay, ensure fairness, and narrow down the evidentiary issues. *Mendelsohn* v. *Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners* v. *AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones* v. *Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); see also *Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds ... [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

Additionally, "[c]ourts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence ... without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey* v. *Diversified Servs., Inc.*, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (quoting *Graham* v. *Union Pacific R.R. Co.*, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008)) (denying a "purely generic" motion in limine); *Walsh* v. *United States*, 2009 WL 3755553, at *2 (N.D. Okla. Mar. 31, 2009) ("A court is within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity. Motions in limine which exclude broad categories of evidence should rarely be granted. The better practice is to address the issues of admissibility as they arise.").

Defendant Park sets forth thirteen motions in limine [Dkt. No. 210].

  I.  "Evidence regarding the violation of any policy, standard, rule or regulations." Evidence regarding other unrelated incidents as well as internal affairs complaints or civil rights lawsuits." Notice of prior rule violations is relevant to deliberate indifference, but subject to the limitations of Rule 404 and 403. It is unclear what conduct or incidents the Defendant seeks to exclude; therefore, the Court will DEFER ruling on this motion until a determination of admissibility can be made with the appropriate context.

  II. "Previous lawsuits against Defendant." Notice of prior rule violations is relevant to deliberate indifference, but subject to the limitations of Rule 404 and 403. It is unclear what conduct or incidents the Defendant seeks to exclude; therefore, the Court will DEFER ruling on this motion until a determination of admissibility can be made with the appropriate context.

III. "Newspaper articles and media publications." The Defendant specifically objects to the suggestion of allegations that the Sheriff "engaged the media" to get ahead of the narrative concerning the Legros incident. Without access to the actual articles or other media reference, the court is unable to determine at this time if such material is inadmissible on all possible grounds. The Court will DEFER ruling on this motion until specific evidence is identified and a determination of admissibility can be made.

IV. "The possible existence of liability insurance." Pursuant to Federal Rule of Evidence 411, the motion is GRANTED

V. "Expert medical opinions from any lay witness." This motion is DENIED insofar as it is a nonspecific boilerplate motion that simply requests that the Court require the parties to follow the Federal Rules of Evidence.

VI. "Financial condition of the parties." The financial condition of the defendant is not relevant therefore GRANTED pursuant to rule 401 without prejudice in the event that Defendant introduces evidence of their inability to pay.

VII. "Any expert witness not previously disclosed." Plaintiff does not object to this Motion and it is therefore GRANTED.

VIII. "Opinion of counsel." This request is DENIED without prejudice as certain statements of opinions from the attorneys are admissible

IX. "Personalizing the case." Plaintiff does not object to prohibiting the golden rule in closing arguments or on the issue of damages but argues that "such arguments are not improper on the issue of liability" Dkt. No. 240 at 7 citing *Shultz* v. *Rice*, 809

F.2d 643, 651-52 (10th Cir. 1986). Given the prejudicial nature of golden rule arguments, the court GRANTS defendants motion pursuant to Rule 403.

X. "Using a verdict to "send a message." Plaintiff does not object as to this Defendant but argues that similar arguments may be raised against other defendants who may be subject to punitive damages. Because Plaintiff does not object as to this Defendant the motion is GRANTED.

XI. "Hearsay statements, including any hearsay statements made by any healthcare providers to Plaintiff or Plaintiff's family members or friends." Pursuant to Rules 801 and 803, hearsay that is not covered by an exception to the rule is inadmissible. However, it is unclear from the briefing if all statements contained in the broad category requested by the Defendant are inadmissible on all possible grounds and thus the motion is DENIED without prejudice.

XII. "Medical records or other documents not already produced by Plaintiff." This motion is DENIED without prejudice as the court may reconsider the admission of such evidence, if necessary, in the context of the trial.

XIII. "Adoption of Co-Defendant's Motion in Limine." The court will rule on other parties' motions in a separate order.

As to all of the evidence and arguments offered by the parties, the court notes that it will prohibit any arguments and exclude any evidence that would violate the Federal Rules of Evidence and permit those that comply with the rules. Therefore, Defendant Sheriff Terry Park, in his Official Capacity's Motion and Brief in Limine [Dkt. No. 210] is DENIED in part and GRANTED in part.

SO ORDERED this 27th day of May, 2025.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**