IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE ENDICOTT, AS A SPECIAL ADMINISTRATOR OF JENNIFER CROWELL DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>CHOCTAW COUNTY CITY OF HUGO HOSPITAL AUTHORITY, ET AL,<br><br>Defendant. | Case No. 21-CV-319-RAW |

## ORDER

Before the Court is Defendant Eric Hogan, D.O.'s Motion in Limine [Dkt. No. 211]. For the foregoing reasons it is DENIED in part and GRANTED in part.

Motions in limine are permitted under the Federal Rules of Evidence to allow the Court to decide evidentiary issues in advance of trial, avoid delay, ensure fairness, and narrow down the evidentiary issues. *Mendelsohn* v. *Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners* v. *AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones* v. *Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); see also *Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds ... [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.")

Additionally, "[c]ourts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence ... without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey* v. *Diversified Servs., Inc.*, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (quoting *Graham* v. *Union Pacific R.R. Co.*, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008)) (denying a "purely generic" motion in limine); *Walsh* v. *United States*, 2009 WL 3755553, at *2 (N.D. Okla. Mar. 31, 2009) ("A court is within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity. Motions in limine which exclude broad categories of evidence should rarely be granted. The better practice is to address the issues of admissibility as they arise.").

Defendant Hogan raises the following motions in limine:

1. "Liability insurance." Pursuant to Federal Rule of Evidence 411, the Request is GRANTED.

2. "Other malpractice actions." Plaintiff seeks to introduce evidence of a "knowingly false statement" by Dr. Hogan made after the events in this lawsuit that is described in his "Explanation of Malpractice Suit". Dkt No. 220, Ex.7. Plaintiff alleges that Dr. Hogan falsely states that he had not been deposed in a document explaining a different medical malpractice action to his license recredentialing board. Defendant Hogan argues that this statement is the result of a spelling error. Dkt. No. 268 at 2. Under the circumstances described evidence is probative of Dr. Hogan's propensity for truthfulness. Therefore, the motion is DENIED.

3. "Prohibit any questioning or argument concerning the "Golden Rule" or otherwise asking a juror or witness to put themselves in the position of the plaintiffs". Given

the prejudicial nature of golden rule arguments, the court GRANTS defendants motion pursuant to Rule 403.

4. Defendant seeks an order preventing the Plaintiff from employing the "reptile theory" and making prejudicial, fear based arguments to the jury. Specifically, he requests that the court "Prohibit references to "safety," "patient safety rules," or duty to provide safe care." The motion is DENIED without prejudice as overbroad. The issues raised are better addressed in the context of trial.

5. "Prohibit any reference that a party has not called any witness equally available to both parties and that counsel would be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of a witness not called." This motion is DENIED as it is a nonspecific boilerplate motion that simply requests that the Court require the parties to follow the Federal Rules of Evidence but fails to describe the testimony or evidence the Defendant seeks to exclude.

6. "Prohibit the introduction of medical literature into evidence." Pursuant to Rule 803(18) the motion is GRANTED.

7. "Prohibit any comment or reference to any case in which defendant's lawyers or their law firm may have been involved." Because it is unclear what specific evidence the Defendant seeks to exclude or whether this information would be inadmissible eon all possible grounds, the motion is DENIED.

8. "Prohibit any reference to financial status or personal possessions of the defendant." The financial condition of the defendant is not relevant therefore GRANTED pursuant to Rule 401.

9. "Prohibit any medical or other expert testimony that is based on theories or hypotheses that are not accepted or acknowledged in the medical community or within the expert's realm of expertise." The court would refer the parties to its orders on the various Daubert motions for a resolution of this issue.

10. "Prohibit any reference to altered, hidden, or lost medical records." Plaintiff contends that this court should exclude evidence of the emergency room security footage that the Defendants failed to preserve. The motion is DENIED as evidence of the security footage is clearly relevant.

11. "Prohibit any reference to any "banter" or discussion between counsel during depositions." Pursuant to Rule 401 such evidence is not relevant, and the motion is therefore GRANTED.

12. "Prohibit any comment that this motion has been presented or ruled upon by the Court. Further defendant requests that plaintiff's counsel be prohibited from suggesting to the jury by argument or otherwise that the defendant has sought to exclude from proof any matter in this lawsuit." This motion is GRANTED.

13. "Prohibit reference to where defendant's witnesses may have traveled or vacationed to attend continuing medical education seminars." The Plaintiff points out that the motion is perhaps an oblique reference to Dr. Hogan's previous anger management training. To the extent the motion seeks only to limit reference the location of various trainings, it is GRANTED pursuant to Rule 401. It is unclear whether the doctor's previous anger management training is relevant without the context of trial, and the court will therefore DEFER ruling on that issue.

14. "Prohibit any opening statement reference to punitive damages against the defendants. Defendants deny the applicability of this claim and reference of it to the jury prior to a court determinization would be unfairly prejudicial." The defendant's contention that punitive damages do not apply is by itself insufficient to exclude any reference to them. The motion is therefore DENIED.

15. "Prohibit any reference to subsequent remedial measures." It is unclear from the briefing what measures are being referenced and whether such evidence is inadmissible on all possible grounds. Therefore, the court will DEFER ruling on this motion.

16. "Prohibit any evidence concerning settlement negotiations that may have been had between defendants and plaintiff at any time." Pursuant to Rule 408 the motion is GRANTED.

17. "The Court should exclude retrospective questions relating to standard of care." The Motion is DENIED to the extent it is premature and it is unclear whether certain questions would be relevant without the context of the trial.

18. "Defendants move the court to limit Plaintiff's closing argument rebuttal." The Motion is DENIED.

19. "Prohibit any reference to attorney deposition instructions or objections." Such evidence is not relevant and therefore the motion is GRANTED pursuant to Rule 401.

20. "Prohibit Plaintiff from stating, suggesting, or speculating how any potential verdict or judgment in favor of Plaintiff would be utilized, disbursed, expended, or distributed." The court disagrees that this would be unduly prejudicial and therefore the motion is DENIED.

21. "Prohibit references to improper standards for causation or lack of causation, such as "possibilities" or "it might have been." This request is DENIED as it requests to exclude a broad category of questioning that is not inadmissible in all cases.

22. "Prohibit references to litigation results from like of similar cases with like or similar damages." The motion is GRANTED pursuant to Rule 403 as such evidence is likely more prejudicial than probative.

23. "Defendants requests that this Court prohibit the use of clips of video deposition testimony for any witness who will appear in person at trial. Alternatively, Defendant requests this Court prohibit the use of any video clips from depositions in this case for the purpose of unfairly prejudicing the jury against Defendant's counsel." The Plaintiff does not object to editing out attorney conduct or unrelated communications and thus, in regard to those issues the motion is GRANTED. However, to the extent the Defendant seeks to wholesale exclude video depositions, the motion is DENIED as such evidence is not necessarily inadmissible on all possible grounds.

24. "Prohibit any testimony from Plaintiff's expert, on any opinion testimony from Plaintiff's expert, Charles Pilcher, M.D., on matters criticizing the defendant physician which are not contained in his report or discussed at his deposition." The court will refer the parties to its ruling on the Daubert motion regarding Dr. Pilcher.

25. "Prohibit use at trial of body- cam videos from Choctaw County Jail." The motion is DENIED pursuant to Rules 401 and 403 as the evidence is relevant and not unduly prejudicial.

26. "Prohibit Plaintiff from criticizing Dr. Hogan for acts and omission of Velvet Bullard, RN, the Choctaw Memorial Hospital nurses, staff, employees and or criticisms of

"the team" because Dr. Hogan is entitled to defend his own case. This includes prohibiting Plaintiff, Plaintiffs counsel, and Plaintiff's witnesses from implying or stating that Velvet Bullard, RN, was employed by or otherwise under the control of Dr. Eric Hogan." The Motion is DENIED as it broadly requests to exclude a large category of evidence that is not inadmissible on all possible grounds. Such issues are better addressed contemporaneously at trial and in response to particular questions or statements.

27. "Prohibit any suggestion that Dr. Hogan can be found personally or legally liable for an alleged EMTALA violation." The defendants motion is broad and seeks to exclude any mention that Dr. Hogan would be subject to the standards set forth in EMTALA. The motion is DENIED as requested because it broadly requests to exclude a large category of evidence that is not inadmissible on all possible grounds. The jury will be properly instructed on the vicarious liability framework under EMTALA and other relevant laws.

28. "Prohibit any comment, questioning, or argument concerning or touching upon Dr. Hogan's medical licensure with the Oklahoma State Board of Osteopathic Examiners, including but not limited to educational and residency training background materials gathered by the Board, Dr. Hogan's departure from Washington University residency, and a prior medical licensure Board action, investigation, and conclusion. This motion in Limine also includes prohibiting use of any information concerning Dr. Hogan's prior medical issues, a history of sports related concussions, and/ or any process of evaluation related to licensure board investigation/ action or board findings." The Defendant's request is GRANTED pursuant to Rule 403 as much of

the doctor's prior licensing history is more prejudicial than it is probative of whether he met the standard of care in the present case.

29. [Defendant's 32] "Prevention of any use of the term "eviction". The motion is DENIED as the use of the term evicted is not unduly prejudicial and the jury is unlikely to confuse the instant case with a landlord tenant action.

30. [Defendant's 33] "Prohibit any comment, discussion, or suggestion that Dr. Hogan violated the patient's constitutional rights." In light of the testimony that Ms. Crowell was not allowed to leave the emergency room, there is evidence of special relationship for the purposes of § 1983 created between Dr. Hogan and the decedent when Ms. Crowell was admitted to the emergency room. *Gray* v. *Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 923 (10th Cir. 2012). Accordingly, the motion is DENIED as such evidence is relevant and not unduly prejudicial. Fed. R. Evid. 401 and 403.

31. [Defendant's 34] "Prohibit any reference to an OSBI investigation." The OSBI investigation is relevant and not unduly prejudicial. Fed. R. Evid. 401 and 403. The motion is therefore DENIED.

Defendant Hogan also submits, as part of his Motion in Limine the following "related pretrial request". Dkt. No. 211. Defendant requests that during the trial each party disclose at the end of the day, the witnesses they intend to call the next day. The court agrees that given the number of potential witnesses in this case, this practice would serve judicial economy, and it is therefore GRANTED. As to all of the evidence and arguments offered by the parties, the court notes that it will prohibit any arguments and exclude any evidence that would violate the Federal Rules of Evidence and permit evidence that comply with the rules. Furthermore, because Defendants Choctaw County City of Hugo Hospital Authority and Velvet Bullard adopted and

incorporated Defendant Hogan's Motion [Dkt. No. 214 adopting and incorporating Dkt. No. 211], the present order also disposes of that Motion in Limine. Therefore, Defendant Eric Hogan, D.O.'s Motion in Limine [Dkt. No. 211] is DENIED in part and GRANTED in part and Defendants Choctaw County City of Hugo Hospital Authority and Velvet Bullard Defendant Motion in Limine [Dkt. No. 214] is likewise GRANTED in part and DENIED in part.

SO ORDERED this 27th day of May, 2025.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**