**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

KYLE ENDICOTT, as Special )
Administrator for the Estate )
of Jennifer Crowell, deceased, )
                              )
            **Plaintiff**,        )
                              )
      vs.                     )        No. 21-CV-319-JAR
                              )
TERRY PARK, in his official   )
capacity as Sheriff of        )
Choctaw County,               )
                              )
            **Defendant**.        )
                              )

**JURY TRIAL TRANSCRIPT**
**BEFORE THE HONORABLE JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**
**FEBRUARY 9, 2026**

Proceedings recorded by machine shorthand; transcript produced by computer-aided transcription.

Jessyca Guerra, CSR
Federal Official Court Reporter
P.O. Box 607
Muskogee, Oklahoma 74402

**EXHIBIT 5**

(Brief recess until 1:07 p.m.)

THE COURT:  We are once again back on the record outside the presence of the jurors.

Mr. Geries, would you like to, for the record, make your objections to the Court's instructions, if there are any?

MR. GERIES:  Thank you, Your Honor.

With regard to Instruction Number 16, "consider only the claims asserted in this case," while I do appreciate the Court's insertion of "legal claims," we would still object to Instruction Number 16 because we think it's confusing to the jury with regard to what they are allowed to consider in this case, and there is no definition of the word "claim" and how it's used in this case.

Instruction Number 30, and again, I do appreciate the revision to this.  That's not lost on me.  But we do object to the use of the term "ratification" in subsection four on that first page of Instruction Number 30 as confusing for the jury; and even though it does say "as they were made," we wish it was a different term.

Finally, we think that our proposed jury instruction, which is on page 47 of document number 315, which is for single isolated incident, we believe that it should be properly included, and it has not been included.  And so, we would make that objection as well.

Thank you, Your Honor.

didn't follow the rules.  People didn't follow their policies.

She had strengths.  You heard from her daughter.  Her daughter loved her.  She loved her daughter.  She had people who loved her.  She had family.  She had children.  She had cousins.

Jennifer had struggles.  Jennifer had challenges, but Jennifer also had a future.  Jennifer didn't have to die on June 26, 2020.

When you go back in the jury room, you're going to have this verdict form.  And as you look at the verdict form, I want you to think --

MR. MOON:  Judge, can we approach?

THE COURT:  You may.

(Bench conference on the record)

MR. MOON:  It is improper to have Ms. Bacon in the back of the courtroom crying audibly during plaintiff's closing.

THE COURT:  Oh.  This Court had not noticed that prior to you just mentioning it.  In fact, I didn't even realize that's who that was in the back of the courtroom.

MR. BRYAN:  I wasn't aware anybody was back there.

THE COURT:  So, at this point in time, I think it would cause more of a distraction if I asked her to leave and draw more attention to it, but I will pay attention to it, and if the Court notices it, then I will take some action.  But at

this time, I'm not going to do anything because the Court had not --

MR. MOON:  I just noticed it because I heard, and I looked.  I didn't know anyone was there until --

THE COURT:  I appreciate you bringing it to my attention, but I have not heard it, and I think if I did something at this point, it would simply draw more attention to that.

MR. MOON:  Okay.  Thank you, Judge.

(Bench conference concludes)

**FINAL CLOSING ARGUMENT (CONTINUED)**

BY MR. BRYAN:

When you go back to the jury room, and you're faced with a decision about Jennifer's life and how to value it, I want you to think about what happened to her.  The hospital didn't order her to cell four.  The hospital didn't order her clothing removed.  The Hugo officers didn't order her clothing removed.  It was the sheriff who violated his policy.  It was the sheriff who deviated from jail policy.  It was the sheriff that ordered her to cell four.  It was the sheriff that ordered her clothing removed.

They've asked you to blame everybody but them.  I want you to hold them to their own standard.  They want to say that everybody else broke the rules.  So did they.   Hold them to their own standard.

We would ask that you return a verdict for Jennifer's family for $18 million.

Thank you, ladies and gentlemen.

THE COURT:  Thank you, Mr. Bryan.

Ladies and gentlemen, that now concludes our closing arguments.

If the bailiff will come forward, we'll get him sworn in.

(Bailiff is sworn)

THE COURT:  Sir, I am now giving you the Court's jury instruction to give to the jurors.  We will also have the exhibits that have been admitted brought to you.  We have to gather them first.

But you will now retire and follow the bailiff.

All persons in the courtroom remain seated.

You-all may now retire and begin your deliberations.

All right.  The record will reflect that all jurors have now left the courtroom.  We are outside the presence of the jurors.

Is there anything we need to address while the jurors deliberate?

Mr. Bryan?  Mr. Terrill?

MR. BRYAN:  Nothing from plaintiff's side.

THE COURT:  Mr. Moon?

MR. MOON:  No, Your Honor.

THE COURT:  All right.  Counsel, what I would like