**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1)　KYLE ENDICOTT, as Special Administrator of JENNIFER CROWELL, deceased,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>(2)　TERRY PARK IN HIS OFFICIAL CAPACITY AS SHERIFF OF CHOCTAW COUNTY,<br><br>　　　　　Defendant. | Case No.: 21-cv-319-JAR |

**PLAINTIFF'S MOTION TO AMEND JUDGMENT TO INCLUDE**
**PREJUDGMENT INTEREST PURSUANT TO RULE 59(e)**

Pursuant to Fed. R. Civ. P. 59, Plaintiff Estate submits the following motion to amend the judgment to explicitly include pre and post-judgment interest.[1]

**I.**

**INTRODUCTION**

The jury in this case returned a verdict for Plaintiff Kyle Endicott, as Personal Representative of the Estate of Jennifer Crowell, following a trial on the merits of her section 1983 wrongful death claims. (ECF 344). The Court entered judgment in the total amount of $9,544,375.00, explicitly reserving the question of "appropriate interest, if any." (ECF 351.) Pursuant to Fed. R. Civ. P. 59, Plaintiff respectfully requests this Court amend that judgment to award prejudgment interest running from the date of Jennifer's death until entry of the judgment.

---

[1] Post-judgment interest accrues as a matter of law. *See*, *e.g.*, 28 U.S.C. § 1961(a).

1

Plaintiff timely requested interest in the state court petition (ECF 2-2) and in the operative amended complaint (ECF 71).

Prejudgment interest is not a windfall. It is the mechanism by which courts ensure that a judgment for a past injury compensates the injured party for the full measure of that injury. Under Tenth Circuit precedent, the award of prejudgment interest is ordinarily appropriate in federal cases, subject to a two-part inquiry: whether interest would be compensatory, and whether the equities would preclude an award. *See*, *e.g.*, *Zuchel v. City & Cty. of Denver*, 997 F.2d 730, 746 (10th Cir. 1993). Both prongs are satisfied here. The Estate was entitled to the monetary value of its claims from the date of Jennifer's death. Every year that has elapsed since then without payment has been a year during which that value was withheld from the Estate and retained with the use of its time-value by Defendant and its insurer-risk pool, ACCO-SIG. Equity demands that this Court correct that imbalance.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND

Jennifer Crowell suffered injuries resulting in her death at the Choctaw County Jail. The Estate's claims accrued at the moment of her death. Plaintiff filed suit and, after years of contested litigation, the case was tried to a jury. The jury found in Plaintiff's favor and returned a damages verdict. (ECF 344). The Court entered judgment in the amount of $9,544,375.00, with the express notation that the judgment was entered "plus appropriate interest, if any." (ECF 351.) No further interest has been calculated or paid.

Plaintiff requested prejudgment interest in the state court petition filed prior to removal (ECF 2-2) and in the amended complaint filed in this Court (ECF 71), which included a demand for "interest." While the amended pretrial order did not include a separate line for damages

categories, (ECF 329), the issue of prejudgment interest was preserved from the outset of this litigation, and the judgment itself expressly holds it open. (ECF 351).

## III.

### LEGAL STANDARD

Rule 59(e) permits a court to alter or amend a judgment to correct a legal error, prevent manifest injustice, or account for newly discovered evidence. A motion to amend a judgment to include prejudgment interest falls squarely within the court's authority under Rule 59(e), and courts within this Circuit routinely consider prejudgment interest at this stage. *See, e.g., Adams-Arapahoe Joint Sch. Dist. v. Cont'l Ins. Co.*, 891 F.2d 772, 780 (10th Cir. 1989) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989)) ("[A] motion for pre-judgment interest is a Rule 59(e) motion to alter or amend the judgment.")

Under federal law, prejudgment interest is ordinarily awarded in federal cases. *See, e.g., U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1256 (10th Cir. 1988) ("[P]rejudgment interest is ordinarily awarded, absent some justification for withholding it.") In the Tenth Circuit, the award of such interest is governed by a two-step analysis: "(1) whether an award of prejudgment interest would serve to compensate the injured party; [and] (2) when an award would serve a compensatory function, . . . whether the equities would preclude the award." *Zuchel*, 997 F.2d at 746 (citing *U.S. Indus.*, 854 F.2d at 1256-57; *Eastman Kodak Co. v. Westway Motor Freight, Inc.*, 949 F.2d 317, 321 (10th Cir. 1991)). The decision rests in the Court's discretion, but that discretion is bounded by the settled principle that prejudgment interest is the norm, not the exception. *See, e.g., United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000) ("[I]n the federal context, this Court has adopted a preference, if not a presumption, for prejudgment interest."); *FDIC v. UMIC, Inc.*, 136 F.3d 1375, 1388 (10th Cir.

1988) ("prejudgment interest should normally be awarded on successful federal claims"), cert. denied, 525 U.S. 962 (1998); *Kleier Adver. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1041-42 (10th Cir. 1990) (awarding prejudgment interest in copyright case because it "comports with our earlier decision that under federal law prejudgment interest is ordinarily awarded, absent some justification for withholding it.") Further, whether or not the damages were liquidated is not dispositive under federal law. *See*, *e.g.*, *Overbrook Farmers Union Coop. Ass'n v. Missouri Pac. R.R. Co.*, 21 F.3d 360, 366 (10th Cir. 1994) ("Whether or not the damages were liquidated is not dispositive under federal law.")

As applied here, there is no reasoned legal argument to suggest the "equities would preclude the award." It bears noting that in *Zuchel* itself, the denial of prejudgment interest was affirmed not because interest is generally unavailable in § 1983 wrongful death cases, but because the district court identified specific equitable factors weighing against the plaintiff, including delay attributable to plaintiff's own counsel. 997 F.2d at 746. No comparable adverse equitable factors exist here that would trigger the Court's discretion to deny prejudgment interest.

## IV.

### ARGUMENT AND AUTHORITIES

**A.     PREJUDGMENT INTEREST WOULD BE FULLY COMPENSATORY BECAUSE ESTATE'S RIGHT TO THE MONETARY VALUE OF ITS CLAIMS ACCRUED AT DEATH.**

The first question under *Zuchel* is whether an award of prejudgment interest would compensate the injured party. In a wrongful death case, the answer is straightforward: the Estate's right to recover the monetary value of the decedent's lost life accrued at the moment of death. From that moment forward, the Estate has been deprived of funds it was legally entitled to receive. An award of prejudgment interest compensates the Estate for the lost time-value of that money.

The Tenth Circuit's baseline statement of purpose is unambiguous: the award of prejudgment interest under federal law "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of judgment." *Zuchel*, 997 F.2d at 746 (quoting *U.S. Indus.*, 854 F.2d at 1256). This principle applies fully to wrongful death claims, where the loss accrues at a definite point in time, e.g., the date of the decedent's death, and the Estate has been unable to make use of the judgment value since that date.

A wrongful death estate is categorically different from a living plaintiff seeking interest on future noneconomic damages. Noneconomic damages for ongoing pain and suffering present measurement complications because they accrue over time and into the future, making it difficult to identify a single accrual date for purposes of calculating interest. The Estate here faces no such complication. The Estate's cause of action accrued at death. Every element of the Estate's damages, whether characterized as economic or noneconomic, had a fixed accrual date. The Estate's right to the monetary value of those claims was immediate and complete, and that right has been unsatisfied since the date of death. Prejudgment interest running from that date is thus directly compensatory.

The growing consensus of federal courts of appeals supports this analysis. Recently the Seventh Circuit, in *Bolden v. Pesavento*, 158 F.4th 879 (7th Cir. 2025), a section 1983 case in which a jury awarded $25 million for pain, suffering, and loss of normal life, held that prejudgment interest may be awarded on noneconomic damages because "there is nothing special about noneconomic damages exempting them from the principle that money today is worth more to the plaintiff than money tomorrow." *Id*. at 883. The Seventh Circuit reasoned that "the underlying principle — to make the injured party whole — applies with equal force to damages for pain and suffering," and that such damages "are just as much an 'actual loss' (for which prejudgment

5

interest is in order) as purely economic damages." *Id*. at 884 (quoting *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013)).

The Ninth Circuit reached this same conclusion in *Barnard v. Theobald*, a section 1983 excessive force case, where it found that a section 1983 plaintiff's damages for past pain and suffering are "just as much an 'actual loss' (for which prejudgment interest is in order) as purely economic damages." 721 F.3d at 1078. The Ninth Circuit further observed that prejudgment interest "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *Schneider v. Cty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002).

The Fifth Circuit has similarly held that "prejudgment interest should apply to all past injuries, including past emotional injuries," and that "[r]efusing to [do so] ignores the time value of money and fails to make the plaintiff whole." *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361, 372 (5th Cir. 2002). And the Seventh Circuit, in *Frey v. Hotel Coleman*, emphasized that prejudgment interest is necessary in cases involving remedial federal statutes "where the goal is to make a plaintiff whole following violations of a federal statute," because "[w]ithout it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." 903 F.3d 671, 682 (7th Cir. 2018) (quoting *Gorenstein Enter., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)).

Section 1983, like Title VII, is a remedial statute. Its purpose is to make plaintiffs whole after violations of constitutional rights. Consistent with that purpose, courts have consistently recognized that prejudgment interest is a necessary component of any award that aspires to true compensation. An award that fails to account for the time-value of damages withheld since the

date of death undercompensates the Estate and allows the party responsible for the constitutional violation, and its insurer, to enjoy an interest-free loan at the Estate's expense. *See*, *e.g.*, *Bolden*, 158 F.4th at 882 ("[B]y eliminating what would be, in effect, an interest-free loan to the defendant, prejudgment interest avoids unjust enrichment and disincentivizes foot-dragging in litigation.") Otherwise, "the longer the case lasts, the more of the stakes the defendant keeps even if it loses (and the less the victorious plaintiff receives)[.]" *Strauss v. Milwaukee Cheese*, 112 F.3d 845, 849 (7th Cir. 1997).

Defendant will likely invoke *White v. Chafin*, 862 F.3d 1065 (10th Cir. 2017), in which a Tenth Circuit panel affirmed the denial of prejudgment interest in a § 1983 case and declined to follow *Barnard*. But *White* does not foreclose an award here, and the panel's own reasoning supports awarding prejudgment interest here. Notably, the *White* court did not hold that prejudgment interest is categorically unavailable on noneconomic damages in § 1983 cases. Rather, it held only that the district court did not abuse its discretion in denying interest on facts materially different from those presented here. The *White* plaintiff was a living person whose noneconomic damages were ongoing and future-facing. The panel's specific reason for declining to follow *Barnard* was that a district court "could reasonably reject" the assumption that noneconomic damages are incurred at a discrete point in time, "viewing noneconomic damages as continuing over an undefined period" such that "the jury could ascertain the amount from a sense of how much the damages are worth at the time of trial." *White*, 862 F.3d at 1069. That reasoning has no application here. Jennifer Crowell's damages were not "continuing over an undefined period," they terminated at death. They were not "ascertained at the time of trial" as a prospective matter, the jury was asked to determine the historical monetary value of a life already ended, fixed at a moment now years in the past. The very concern that led the *White* panel to affirm the denial

7

of interest is absent in a wrongful death case, and *White*'s abuse of discretion affirmance therefore does not constrain, and indeed does not speak to, this Court's exercise of discretion in awarding interest on an estate's claim. If anything, *White* confirms that the analysis is fact-specific and discretionary, which means this Court is free to exercise that discretion in Plaintiff's favor where the factual predicate for denial is missing.

### B.    THE EQUITIES STRONGLY FAVOR AN AWARD OF PREJUDGMENT INTEREST.

When prejudgment interest would serve a compensatory purpose, the second inquiry is whether any equitable consideration justifies withholding it. *Zuchel*, 997 F.2d at 746. No such consideration exists here. To the contrary, every significant equitable factor points toward awarding interest.

First, the core rationale for prejudgment interest, preventing unjust enrichment, applies with particular force in this case. As the Eighth Circuit explained in *Kerr v. Charles F. Vatterott & Co.*, "a common thread throughout the prejudgment interest cases is unjust enrichment — the wrongdoer should not be allowed to use the withheld benefits or retain interest earned on the funds during the time of the dispute." 184 F.3d 938, 946 (8th Cir. 1999) (citing *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986)). Here, Defendants were insured and defended by risk pool that is well-known for devaluing claims and inflexible settlement positions. Its former general counsel even drafted a letter to member Boards of County Commissioners warning them of ACCO-SIGs outdated adjustment practices. (Ex. 1, Letter from Clay Bruner, p. 5) (identifying "[a] pervasive 'hardball' or 'defend all claims and lawsuits to the death' philosophy exists in the operation of ACCO-SIG which leads to considerable waste and unnecessary litigation expenses"). Denying prejudgment interest only encourages this behavior. Indeed, every year that the Estate has gone without a complete award is a year during which the Defendant and its risk

pool have had the use of the dollars that a jury determined the Estate was owed. That benefit accrued to the Defendant and risk pool without any basis in law or equity.

Second, the duration of this litigation weighs in favor of interest. The case was litigated for years, and the proceedings consumed significant time before reaching a verdict. The delay between the constitutional violation and the payment of any award is itself an injury, one that prejudgment interest is designed to redress. *See*, *e.g.*, *Stroh Container*, 783 F.2d at 752 (prejudgment interest "promotes settlement and deters attempts to unfairly benefit from the inherent delays of litigation"). Defendants who vigorously contest liability over the course of years derive a financial benefit from that delay that they would not receive if they were required to compensate the Estate promptly. Indeed, litigation fatigue is a well-known adversary of civil rights litigants that organizations like ACCO-SIG rely on to "defend all claims and lawsuits to the death." (Ex. 1, p. 5) Prejudgment interest eliminates that incentive.

Third, and critically for the equities, the Plaintiff in this case is an Estate, a fact that removes the primary basis on which courts in this circuit have declined to award prejudgment interest. The Tenth Circuit's most relevant decision on the noneconomic damages question, *White v. Chafin*, justified its affirmance of a denial on the reasoning that a court could reasonably view noneconomic damages as "continuing over an undefined period" and ascertained "from a sense of how much the damages are worth at the time of trial." 862 F.3d at 1069. A living plaintiff's pain and suffering fits that description. A decedent's wrongful death claim does not. Jennifer Crowell's damages did not continue over an undefined period; they ended at her death. They were not ascertained prospectively at trial; the jury determined the historical monetary value of what was taken from her at a fixed point in time. The Estate's right to recover vested completely at the moment of death, and has been withheld since. The failure to award prejudgment interest here

9

simply allows the constitutional violator and its risk pool to retain the time-value of money it has owed since that day.

The Seventh Circuit's reasoning in *Bolden* is instructive: prejudgment interest "avoids unjust enrichment and disincentivizes foot-dragging in litigation" by "eliminating what would be, in effect, an interest-free loan to the defendant." *Bolden*, 158 F.4th at 882 (citing *Milwaukee Cheese*, 112 F.3d at 849). Denying interest here would extend precisely that interest-free loan, not to both the constitutional wrongdoer, but also to the risk pool that stood behind it and controlled the defense of this litigation. There is nothing equitable about that outcome.

Fourth, there is no evidence that Plaintiff contributed to any delay in this litigation, or that he pursued the case in any manner that would justify withholding interest as a matter of fairness. This is a straightforward case in which a jury found that constitutional violations caused a death, and the Estate seeks to be made whole for those violations. Equitable considerations that might justify withholding interest, e.g., plaintiff misconduct, undue delay, etc., are simply absent here.

C.    THE COURT SHOULD AWARD INTEREST FROM THE DATE OF JENNIFER'S DEATH THROUGH THE DATE OF FINAL JUDGMENT.

Under federal law, prejudgment interest runs from the date the claim accrued, here, the date of Jennifer's death, to the date of the judgment. *Zuchel*, 997 F.2d at 746. The Court should apply a rate sufficient to reflect the actual time-value of money during the period of delay. Courts in this circuit have used rates ranging from the applicable federal rate under 28 U.S.C. § 1961 to higher market rates, depending on the evidence presented. *See*, *e.g.*, *Kleier*, 921 F.2d at 1042 n.4 ("[b]ecause there is no federal statutory interest rate on prejudgment interest, the rate imposed will be left to the trial court's discretion.")

Plaintiff requests the opportunity to present evidence on the appropriate rate and the calculation of the award, or alternatively asks the Court to direct briefing from the parties on these

issues. The *Bolden* court's framework is instructive: interest should be calculated on the past-damages component of the jury's verdict, running from the accrual date to the date of judgment. *See Bolden*, 158 F.4th at 882-883. Because the Estate's damages were entirely past-accruing, all arising from the death itself, the entirety of the jury's award is interest-eligible.

## V.

### CONCLUSION

Jennifer's Estate has been owed the monetary value of these claims since the date of her death. The judgment entered by this Court was the product of years of litigation, and during all of that time, the Estate was denied both the principal and the time-value of the recovery to which it was entitled. Under Tenth Circuit law, and the law of the majority of federal circuits, this Court has both the authority and the equitable obligation to remedy that deprivation through an award of prejudgment interest. Plaintiff respectfully requests that the Court amend the judgment to include prejudgment interest running from the date of Jennifer's death through the date of final judgment, along with statutory post-judgment interest accruing from the date of judgment.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the motion and enter an order awarding pre and post-judgment interest, along with any other relief the Court deems just and equitable.

Respectfully submitted,

BRYAN & TERRILL

By:    *s/J. Spencer Bryan*
        Steven J. Terrill, OBA # 20869
        J. Spencer Bryan, OBA # 19419
        BRYAN & TERRILL LAW, PLLC
        2500 S. Broadway, Suite 122
        Edmond, OK 73013
        Tele/Fax:    (918) 935-2777
        Email: sjterrill@bryanterrill.com
        Email: jsbryan@bryanterrill.com