**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  KYLE ENDICOTT, as Special Administrator of the Estate of JENNIFER CROWELL, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>(2)  TERRY PARK, IN HIS OFFICIAL CAPACITY as SHERIFF OF CHOCTAW COUNTY, OKLAHOMA<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-00319-JAR |

**DEFENDANT PARK'S RESPONSE TO
PLAINTIFF'S NOTICE OF INTERVENING AUTHORITY**

Defendant Sheriff Terry Park, in his official capacity ("Defendant"), hereby submits his Response to "Plaintiff's Notice of Intervening Authority" [Doc. 377]. While Plaintiff is correct that *Bond v. Sheriff of Ottawa Cnty.*, __ F.4th __, No. 24-5035, 2026 WL 1077960 (10th Cir. Apr. 21, 2026) does touch upon issues raised in the Defendant's Motion for Remittitur, it does not pronounce any new rule of law which was not already addressed in the parties' briefing.

Moreover, as set forth in the Defendant's Reply brief (Doc. 373, p. 5 n.1), the *Bond* case is not analogous to this case because it involved the sort of prolonged and severe medical neglect which might warrant such a high award, and which is missing from this case. The *Bond* case involved detention officers and a jail nurse basically ignoring numerous pleas for medical assistance from both the decedent and other inmates over a period of days until the decedent reported that he had experienced a seizure. EMS was called at that time and the decedent was assessed, but not transported to the hospital. At the recommendation of the jail nurse, the decedent was then placed in an administrative segregation cell for medical observation. The cell had no sink, toilet, intercom, or surveillance camera. Over the next approximately twenty hours, detention

officers and the jail nurse basically ignored the decedent's numerous pleas for medical assistance, and accused him of faking with the jail nurse at one point berating him, shouting obscenities at him, and threatening to chain him to a "D-Ring" on the floor of the cell if he continued to complain. Detention officers would not get water for the decedent and he was required to get up and walk to the bathroom if he needed water or to use the toilet. Eventually, one of the detention officers went to the cell to tell the decedent that the nurse wanted to talk to him, and found the decedent unresponsive. The nurse then went to the cell and found that the decedent reacted in pain when touched on any part of his body, and that his skin was cool to touch and the skin on his extremities was a mottled, bluish color. It was reported that the decedent's face was purple and he had a blank stare. EMS was called to the jail, and the decedent was transported to the hospital where he was pronounced dead about an hour later. The cause of his death was septic shock resulting from acute bronchopneumonia. (Doc. 377-1, pp. 9-25).

In contrast, the Decedent in this case simply did not experience sort of prolonged and severe medical neglect that was at issue in *Bond*. The Decedent was in the Choctaw County Jail for only a matter of minutes. The Decedent arrived at the Choctaw County Jail at approximately 2:17 p.m., the Defendant Sheriff arrived at approximately 2:30 p.m., and EMTs was contacted at approximately 2:40 p.m. When the Decedent first arrived at the facility, Jail Administrator Christie Terry-Ball abided by the no medical clearance policy, and did not initially allow the Decedent to be admitted to the facility. When the arresting officers advised her to that the hospital would not take the Decedent back, she called the Defendant Sheriff to come assess the situation. When the Defendant Sheriff arrived, he agreed with Terry-Ball's determination that the Decedent could not be admitted to the jail facility without a medical clearance, and he advised the arresting officers of that need several times. However, the arresting officers made it clear to the Defendant Sheriff that

the hospital would not take the Decedent back. Seeing no reason to doubt them, the Defendant Sheriff decided to have the Decedent placed in cell four to get her out of the entryway of the jail, until alternative arrangements could be made to get her medically cleared. Shortly after the Decedent was placed in cell four, it became apparent that the Decedent's condition was worsening and Deputy Gibbs said to call an ambulance. The Defendant Sheriff then immediately directed one of the members of the jail staff to contact the EMTs.

Accordingly, because the *Bond* case does not present any new rule of law relative to the Defendant's Motion for Remittitur which was not already addressed in the parties' briefing, and because the degree of medical neglect at issue in Bond is not analogous to this case, Plaintiff's Notice of Intervening Authority should be disregarded.

Respectfully submitted,

s/ W.R. Moon Jr.
Stephen L. Geries, OBA No. 19101
W.R. Moon Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:     (405) 524-2070
Facsimile:     (405) 524-2078
E-mail:        slg@czwlaw.com
               wrm@czwlaw.com

***ATTORNEYS FOR DEFENDANT
SHERIFF TERRY PARK, IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
CHOCTAW COUNTY, OKLAHOMA***

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven J. Terrill
J. Spencer Bryan
Bryan & Terrill Law, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73013
***Attorneys for Plaintiff***

s/ W.R. Moon Jr.
W.R. Moon Jr.